## WALLER COUNTY v. FREELOVE.
### No. 11962.

Court of Civil Appeals of Texas. Galveston.
April 8, 1948.
Rehearing Denied April 29, 1948.

J. C. McEvoy, of Hempstead, and Ernest A. Knipp and Knipp, Poston & Broady, all of Houston, for appellant.

W. C. McClain, of Conroe, and Shirley W. Peters, of Dallas, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Charles T. Freelove, for the recovery of fees for services rendered by him for appellant, Waller County, under the terms of a written contract with the Commissioners Court of the County for the preparation of plans and specifications for the construction of a courthouse building, including a library and jail, to be located in the City of Hempstead. Appellee alleged that it was agreed under said contract that payment for the services to be rendered would be made from current funds on hand and available at the time of the execution of the contract. In the alternative and in the event the alleged contract was found to be void or unenforceable he sought recovery in quantum meruit.

In its answer, appellant denied that it had obligated itself to pay appellee the compensation provided for in the contract out of current funds. It alleged that the Commissioners Court of Waller County and appellee had determined the approximate cost of the proposed building and had agreed that these costs, including the costs of appellee's services and other fees in-

cident thereto, would be paid for by the issuance of warrants.

There is little dispute as to the material facts in the case. They are substantially as plead. The trial court found in the judgment rendered that appellee, at the instance and request of Commissioners Court of Waller County, had rendered the claimed professional services in the preparation of the plans and specifications for the proposed courthouse and that the plans and specifications had been completed, delivered to, approved and accepted by appellant. He found that it was contemplated by both parties to the contract that payment for said service would be made unconditionally upon the completion, acceptance, and approval of the plans and specifications and that appellee was entitled to recover in quantum meruit, the sum of $7000 for such services under an implied contract.

Appellant contends that the Commissioners Court of Waller County, being a court of limited powers, had only such powers as were expressly granted to it under the constitution and statute of the State and that appellee, in dealing with the county was charged with notice of the limitations of its power and the methods and manner in which it could contract for services to be rendered; that appellee had made his agreement with the Commissioners Court of Waller County contingent upon proper authorization by the electorate of Waller County of the expenditures in question and that approval of such expenditures having been refused by the electorate and no budget provision having been made for the payment to appellee of any sum from current funds, appellant Waller County was not liable to appellee in any sum.

The contract between the Commissioners Court of Waller County and appellee was dated December 14, 1945. It recited that Waller County intended to construct a fireproof courthouse building including a library and jail in Hempstead, Waller County, Texas; that it had employed appellee to render service in connection with the proposed work and had agreed to pay appellee for such service a sum equal to six per cent of the total cost of said building not to exceed $24,000, and that if the county abandoned its plans for the construction of said courthouse at any time prior to its completion, the architect should receive fees for his services in proportion to the work actually done at the time of such abandonment.

It provided that all drawings and specifications made in connection with the contract should be first submitted to the Commissioners Court of Waller County, Texas and approved by such court before the county was obligated thereunder for the services to be performed by the architect.

By amendment of said contract dated January 7, 1946, resolution of which was duly approved by the Commissioners Court, it was provided that if the contract was not let within twelve months the county would pay appellee such amount as was earned up to said date in accordance with the terms of the original contract and the contract would be cancelled and held for naught.

By order dated February 16, 1946, and duly entered by the Commissioners Court, Waller County accepted the plans and specifications as prepared by appellee.

The material parts of Article 689a—11, Vernon's Rev.Civ.Statutes, provides that the budget of each county of the State as finally approved by the Commissioners Court of the county shall be filed with the clerk of the county and that taxes shall be levied only in accordance therewith. The Article provides that no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court.

Article 11, Section 7 of the Constitution of the State of Texas, Vernon's Ann.St., provides that " * * * but no debt for any purpose shall ever be incurred in any manner by any city or county unless provision is made at the time of creating the same, for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent as a sinking fund."

In the case of Howard v. Henderson County, Tex.Civ.App., 116 S.W.2d 479, 481 (writ of error refused), the court in its opinion held that "Commissioners' courts, having limited jurisdiction, may act only within the sphere of the powers and duties

—express or implied—conferred upon them by the Constitution and statutes of this state" and that "the county commissioners' court cannot bind the county by order to pay claim not made charge against county or contract not within limits of its constitutional power, and its action in so doing has no conclusive or binding effect, but is void, as such want of authority is jurisdictional. Const. art. 3, §§ 51-53."

Appellants in the instant case have plead, and it is undisputed in the record, that no provision was made in the budget of Waller County for the year of 1946 for expenditures for architects' fees.

This action, therefore, involves a situation where services have been rendered under an agreement which the appellant county had the power to make, but which was illegal and unenforceable because of the failure of the county to perform certain procedural acts as a condition precedent therefor.

It is undisputed that appellee performed the services at the special instance and request of appellant and that the services were accepted and approved by the county.

It is the established law in this state that counties and municipalities will not be permitted to accept and utilize property or services and evade the payment of a reasonable compensation therefor, because of an alleged technical defect in their procurement.

In the case of City of Mission v. Eureka Fire Hose Co., 67 S.W.2d 455, 456, the court in its opinion held that "Municipalities should be and are compelled to act with some degree, at least, of honesty and uprightness in their dealings with the public, and should not be permitted to evade payment of their obligations on bare technicalities, when they have received full value from the commodities furnished them."

In the case of Sluder v. City of San Antonio, Tex.Com.App., 2 S.W.2d 841, 842, under similar state of facts the court said, " * * * our courts have uniformly announced the doctrine that where a county or municipality receives benefits under a contract, illegal because not made in conformity with the Constitution or stat-

ute of the state, or charter provision of the city, it will be held liable on an implied contract for the reasonable value of the benefits which it may have received. In other words, while such contracts are void, and no recovery is permitted thereon, our courts hold that common honesty and fair dealing require that a county or municipality should not be permitted to receive the benefit of money, property, or services without paying just compensation therefor. Under such circumstances, a private corporation would clearly be liable under an implied contract. There can be no sound reason why the same obligation to do justice should not rest upon a municipal corporation. * * * The rule thus firmly established by the courts of this state rests upon the obligation of a municipality to do justice when it has received money, property, or services of another."

In the case of City of Houston v. Finn, 139 Tex. 111, 161 S.W.2d 776, 777, in passing on a similar set of facts, the Supreme Court of this State held that where a municipality has knowingly received property or services under an agreement which it has entered into as a contract but which is not legally binding as a contract, the municipality will be compelled to pay the reasonable value of the property rendered or the services rendered as on an implied contract. In its opinion the court said "The rule correctly stated is that in such instances the municipality is liable on an implied contract to pay the reasonable value of the property or services furnished to and accepted by it."

The recent case of Hayward v. City of Corpus Christi, Tex.Civ.App., 195 S.W.2d 995, involved a contract for the acquisition of certain lands and the construction of certain waterworks facilities in the City of Corpus Christi in which the city agreed to pay the cost of such improvements and to issue revenue bonds therefor. The city defaulted in the payment of the principal and interest due and Hayward sued to enforce the provision for the payment of the bonds. In awarding Hayward judgment, the court reaffirmed the principles underlying an implied contract and quoted with approval from the early case of Marsh v. Fulton County, 77 U.S. 676, 19 L.Ed. 1040, in

which it is said "The obligation to do justice rests on all persons, natural or artificial, and if a County obtains the money or property of others without authority, the law, independent of any statute, will compel restitution or compensation."

 In 4 Tex.Jur. 726, it is said that "An architect is, of course, entitled to compensation for services where his employer has entered into an express contract to pay for them, or where the law implies a promise to make payment. A promise is implied where an architect has, at the instance of another, prepared plans and specifications, even though they have not been used and the proposed structure has never been erected. Citing authorities."

In the case of Scarbrough et al., v. Wheeler, Tex.Civ.App., 172 S.W. 196, it is held that where in accordance with the terms of a contract, the architect presented plans which were accepted as being in conformity with the contract, and the owner found no fault with them, but for reasons unknown to the architect they were never used, the owner may be liable for the architect's compensation.

 In the instant case, Waller County has approved and accepted the services rendered by appellee. The judgment of the trial court must, we think, be in all things affirmed.

Affirmed.