**C. H. GARRETT et ux., Petitioners,**

v.

**CITY OF WICHITA FALLS, Respondent.**

No. 16141.

Court of Civil Appeals of Texas.

Fort Worth.

April 15, 1960.

Smoot & Smoot, and Geo. A. Smoot, Wichita Falls, for relators.

Frank Gibson, City Atty., Wichita Falls, for respondent.

MASSEY, Chief Justice.

On November 20, 1959, this court entered judgment in cause No. 16047, in favor of the petitioners and against the respondent to the effect that a judgment of the District Court of Wichita County was reversed and the cause of action remanded to said court for another trial. See our opinion at 329 S.W.2d 491. Our judgment thereafter became final.

Costs of appeal in said case amounted to the sum of $379. As part and parcel of the judgment entered by this court, these costs were "taxed" against the respondent. The clerk mailed the respondent a bill therefor by United States mail on December 15, 1959. The obligation to pay the same was ignored by the respondent city. The attorney for said respondent has indicated to the attorneys for the petitioners an intention not to pay the aforesaid amount.

On rendition of a final judgment, the clerk of this court "shall not issue and deliver the mandate of the court nor certify the proceedings to the lower court until all costs accruing in the case in such appellate court have been paid, subject to the provisions of Rule 444." Texas Rules of Civil Procedure, rule 443. Obviously, the party contemplated as obliged to make such payment is that as to whom the judgment of the court imposes the obligation. Obligation to enforce the judgment of this court rests upon the court itself, upon institution by a proper party of activity designed to activate such. This the petitioners in the instant case have instituted by way of an original suit for mandamus. Had their judgment (for costs) been against the usual corporate defendant, adequate remedy would have been afforded by an ordinary writ of execution. However, that writ would be of no avail against the respondent in the instant case, for it is a home rule city with a charter provision which exempts its property, both real and personal, from any liability to be sold or appropriated under any writ of execution or cost bill. In such a case levy of any such purported writ would be improper even as applied to property held for private purposes, surplus revenues, etc. See text and cases

in 30–B Tex.Jur., p. 85, "Municipal Corporations", sec. 703, "—Execution".

A municipal corporation is as much bound to pay a judgment which the law has authorized against it as is an individual obligated to pay a judgment which has been rendered against him. 30–B Tex. Jur., p. 82, "Municipal Corporations", sec. 700, "Judgment—Costs—Duty to Pay." City of Sherman v. Langham, 1897, 92 Tex. 13, 40 S.W. 140 and 42 S.W. 961, 39 L.R.A. 258; City of San Antonio v. Routledge, 1907, 46 Tex.Civ.App. 196, 102 S.W. 756, writ ref.; City of Henderson v. Fields, Tex.Civ.App., Texarkana 1924, 258 S.W. 523, writ dism. As noted heretofore, the judgment against the respondent for such costs has become final. It would not be subject to any change even by this court. Since the suit is one based on tort, it is not an action wherein any statute would exempt a municipality from obligation to pay costs. See Ibanez v. State, Tex.Civ.App., El Paso 1938, 123 S.W.2d 704. So far as we are aware, it is only in cases controlled by Art. 7333, Vernon's Ann.Civ.St., that governmental subdivisions would be exempt from obligation to pay costs in the same way as any other litigant.

Petitioners' plea is for the issuance of a writ commanding respondent municipality to either pay the amount of the judgment for costs heretofore entered in our cause No. 16047 out of such funds, if any, as exist and are available to it for the purposes,—or if no such funds exist or are available therefor, commanding the respondent, through its Board of Aldermen or other proper agencies, to assess a tax against the available property in its borders and jurisdiction of five cents on the $100 valuation thereof, or such portion thereof as may be necessary, to accumulate the funds necessary to pay off and discharge the aforementioned judgment.

Perforce Art. 1823, Vernon's Ann. Civ.St., Courts of Civil Appeals are authorized to "issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts." We acquired jurisdiction of the cause of action (numbered 16047 on our docket) as is usual in a case brought forward on appeal. Although our judgment became final, our "jurisdiction" was never exhausted in the premises so long as any requirement thereof was not fully complied with. That a court is charged with the duty and clothed with the power to enforce its jurisdiction is axiomatic, and its authority to issue all necessary process and to employ suitable methods to accomplish that end is undoubted, be they legal or equitable in form. Upon proper showing, it also would be proper to appoint a receiver as a means of enforcement. Hunt Production Co. v. Burrage, Tex.Civ.App., Dallas 1937, 104 S.W.2d 84, writ dism. In the case of City of San Antonio v. Routledge, 46 Tev.Civ.App. 196, 102 S.W. 756, at page 765, it was said: "The charter of the city of San Antonio inhibits the issuance of an execution of writ of garnishment upon a judgment against it and exempts all its property from forced sale or from the operation of such writs. Yet the city, in its corporate capacity, is bound to pay off judgments rendered against it, and is given the power, to be exercised within the limits of the Constitution, to raise money by means of taxation to discharge such obligations. If it refuses to pay off a judgment rendered against it, or to exercise the power conferred by law to raise the money to discharge it, we can perceive no remedy plaintiff has, unless it be by mandamus."

Under what appears to be well-settled principles, and in view of the facts presented, it clearly appears that mandamus should issue as prayed for by petitioners.

It being anticipated that the respondent will in all probability pay the amount to which it is obligated under said judgment upon receipt of notice hereof, the clerk is directed to delay action for a period of fifteen days, at which time writ of mandamus shall be issued. No writ will issue if payment is made.