The STATE of Texas et al., Appellants,

v.

Thomas Calvin RAMFIELD, Appellee.

No. 12256.

Court of Civil Appeals of Texas, Austin.

May 14, 1975.

Rehearing Denied June 4, 1975.

See also, Tex.Civ.App., 523 S.W.2d 456.

Kirk Patterson, Arthur Mitchell, Mitchell & Stewart, San Antonio, William E. Bachus, County Atty. of Bell County, Belton, for appellants.

Hume Cofer, Austin, for appellee.

PHILLIPS, Chief Justice.

The District Judges of Bell County appointed appellee, Thomas Calvin Ramfield, to be the County Auditor of Bell County, Texas.[1] The commissioners' court then brought this suit in the nature of *quo warranto* to determine whether appellee should be ousted from office. Trial was to the district court in Bell County pursuant to which the court entered a take nothing judgment against the State. It is from this judgment that an appeal has been per-

1. Under authority of: Article 1645, Vernon's Ann.Texas Civil Statutes.

fected in this Court. We affirm the judgment.

This appeal presents two principal questions for our determination. The first is whether the trial court erred in failing to grant the *quo warranto* since appellee had accepted service retirement benefits from the Texas County and District Retirement System and is ineligible to become Bell County Auditor under Section 7, 1(d) of Article 6228g, Vernon's Texas Civil Statutes. We think not, consequently, we overrule this point.

There is no question but that appellee accepted service retirement under the Texas County and District Retirement System as a result of previous employment in Nueces County. Nueces County is a participant in the above mentioned retirement system and at all relevant times Bell County was (and is) also a participant in this same system.

Appellants contend that Section 7, Subdivision 1(d) of Article 6228g, V.C.S., proscribes appellee's employment in Bell County by virtue of the following provision: "Any member who has accepted service retirement shall be ineligible and disqualified to resume or continue service in any participating subdivision."

We do not agree with appellants' position here. The statute does not prohibit employment; it prohibits further "service" which would increase retirement benefits. The word "service" is defined by the Act in Section 2, Subsection 8: "'Service' means the act and *period* of performance of duty as an employee of the employing subdivision." (Emphasis added)

This definition of "service" is used in the Act as a predicate for the definition of "current service," "prior service," and "credible service." Article 6228g, Section 2, Subsections 9, 10, and 11.

The distinction between employment and service is apparent in the language of the Act. For example, in Section 6, Subsection 1(b), as amended in 1971, the last clause reads: ". . . and in such event, the total period of such *employment* for which such employee is allowed prior service credit hereunder shall be considered *service* rendered to the participating subdivision for purposes of this Act." (Emphasis added)

Subsection 1 of Section 7 is headed "Service Requirement Eligibility," and paragraph (d) of Subsection 1 simply provided a restriction on eligibility to accumulate additional service.

We hold that appellee is not a "member," as defined by the statute. The statutory provisions concerning "membership" state the same arrangement and purpose as the "service" provisions discussed above. The words "member" and "employee" are not synonymous. A "member" is precluded from increasing his "service" after he accepts retirement, but that provision has no bearing on the employment of an individual whose "membership" has terminated and whose amount of "creditable service" has been fixed.

A "member" is any employee included in the "membership" of the system. Section 2, Subsection 7. Section 3, Subsection 2 is headed "Participation of Employees," and under Subsection 2(e)(4) appellee's "membership" terminated when he became an annuitant.

Appellants assert that the statute means that an individual receiving benefits is still a "member" because the statute provides that a "member . . . shall be entitled to receive" a benefit, and that "any member . . . may elect to receive" his benefit on certain optional bases. Section 7, Subsection 2(a) and 3(a), These quoted provisions state only the circumstances under which members become *entitled* to benefits or to the election. They do not purport to say that "membership" continues after the *payment* of benefits begins. At that point, when the member becomes enti-

tled to and receives a benefit, "membership" terminates and the "member becomes an annuitant." Section 3, Subsection 2(e)(4).

Appellants also assert that the statutory definition of "member" renders Section 7, Subsection 1(d) meaningless, because, they contend, there can be no "members" who have accepted service retirement. However, under the statute there is a class of members who have accepted service retirement but have not terminated their membership by becoming annuitants.

 We also overrule appellants' point wherein they contend that the trial court erred in failing to grant the *quo warranto* because appellee has not resided in Bell County for two years as required by Article 1648 and the District Judges did not properly find that no qualified citizen of Bell County could be procured for the position of County Auditor. Article 1648 states that if no qualified citizen of the county can be procured, the judges may appoint a qualified citizen from another county.

After hearing evidence, the learned trial court found that the District Judges made and conducted a proper and diligent effort to procure a qualified citizen of Bell County for appointment as County Auditor; however, no qualified citizen of Bell County applied or was found for that position. The court further found that appellee was, and is, a competent certified public accountant of at least two years' experience in auditing and accounting and is thoroughly competent in public business details.

 In reviewing the record before us, we find that the findings made by the trial court are amply supported by the record. We do not find, as contended by appellants, that the judges improperly delegated their responsibility in this matter to a private citizen, nor did they arbitrarily impose an unreasonable requirement in requiring

that the applicant be a certified public accountant.

The judgment of the trial court is in all things affirmed.