**Arthur MITCHELL, Appellant,**

**v.**

**Thomas Calvin RAMFIELD, Appellee.**

**No. 12257.**

Court of Civil Appeals of Texas,
Austin.

May 14, 1975.

Kirk Patterson, Arthur Mitchell, Mitchell & Stewart, San Antonio, for appellant.

Hume Cofer, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellant brought suit in the district court of Bell County praying that a writ of mandamus issue compelling the County Auditor, Thomas Calvin Ramfield, to deliver and countersign warrants paying appellant for legal services rendered. The court refused to issue the writ and appellant has prosecuted his appeal to this Court. We affirm the judgment of the trial court.

Appellant was employed by the Bell County Commissioners' Court to prosecute or assist in the prosecution of a lawsuit to determine if appellee, Thomas Calvin Ramfield, was qualified to hold the position of Bell County Auditor. Appellant contends that pursuant to such employment, he prepared, filed and assisted the County Attorney in the prosecution of a suit in the nature of *quo warranto* which was a companion case appealed to this Court and is being handed down this day bearing our number 12,256, and styled State of Texas, et al. v. Ramfield, 523 S.W.2d 453.

Appellant further contends that despite such services performed by him pursuant to his employment agreement, appellee, as County Auditor, has failed and refused to approve any payment of county funds to appellant for his services rendered to date, including the agreed retainer of $500.00.

We hold that the trial court was correct in refusing to issue the writ. In so refusing, the court made the following findings of fact which have not been challenged by appellant: "No evidence was introduced to show the number of hours of legal services performed by the plaintiff; the total amount claimed to be due the plaintiff at the time of trial for services rendered; that the Commissioners' Court has approved or ordered the issuance of warrants on the Bell County general fund payable to plaintiff, or that any such warrant or warrants had been issued and delivered to plaintiff; or that any warrant or warrants had been delivered to Ramfield for countersigning which he had refused to sign."

The trial court then concluded as a matter of law that the employment of the plaintiff (appellant) was not in the form prescribed by law, that plaintiff had failed to show a clear legal right to the writ, that he has a plain, effective, and adequate legal remedy, and that to grant mandamus would be to try piecemeal his cause of action against Bell County for compensation for services rendered and to be rendered.

We need not explore every ramification of the trial court's findings of fact and conclusions of law. We need only point out that in order to recover money from Bell County, appellant must state the *amount* of the claim which he asserts and that matter, if any, must be established in another suit. The evidence disclosed in this suit for mandamus demonstrates that this matter was not determined. Consequently, there is no lawful, final, adjudicated determination as to what amount is due appellant. As stated in Wortham v. Walker, 133 Tex. 255, 128 S.W.2d 1138 (1939), the function of mandamus is to execute, not to adjudicate. Also see Mitchell and Gilbert, Texas Practice, Vol. 14, Sec. 3495, pp. 201–203.

The judgment of the trial court is affirmed.