

# The Attorney General of Texas

February 5, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joseph N. Murphy, Jr.
Executive Director
Employees Retirement System of Texas
P. O. Box 13207, Capitol Station
Austin, Texas 78711

Opinion No. MW-138

Re: Whether reemployment by the state of a retired state employee entitles him to resume membership in the retirement system and establish retirement credit for service not previously established.

Dear Mr. Murphy:

You ask whether a person who retired from both state employment and elective official service, received retirement benefits for almost three years, and then returned to state employment may take advantage of the following provision of the employee's retirement act:

> ... A <u>member</u> with service as an elective state official may, prior to leaving state employment or state office and upon payment of all applicable contributions, fees, and interest applicable from the fiscal year in which creditable service was performed, receive creditable service for any calendar year in which the member was eligible to take the oath of office, or in which he served, as an elective state official.

Acts 1979, 66th Leg., ch. 747, at 1835 (to be codified as V.T.C.S. art. 6228a § 3.A.3.) (emphasis added).

The retirement statute defines member as "any officer or employee included in the membership of the System as provided in Section 3 of this Act." V.T.C.S. art. 6228a, § 1.C. Section 3 states who is eligible for the elective state official class and the appointive officer or employee class in the retirement system. However, section 3 also states that "[m]embership is terminated by ... retirement...." V.T.C.S. art. 6228a, §§ 3.A.5, 3.D. Thus, someone who has retired is no longer a member of the retirement system and is not eligible to receive creditable service under the provision

you inquire about. Cf. State v. Ramfield, 523 S.W.2d 453 (Tex. Civ. App. — Austin 1975, no writ) (person who retired under County and District Retirement System is not a member). This interpretation is supported by the fiscal note attached to this provision when enacted by the 66th Legislature. The cost of the amendment was calculated on "the basis of persons currently members of the Employees Retirement System who would be eligible to purchase service of this type. . . ." Fiscal Note to House Bill No. 1147, April 26, 1979, filed in Legislative Reference Library.

You also ask whether reemployment by the state of a retired state employee entitles him to resume membership in the retirement system and establish retirement credit for service not previously established. Section 5.B.4. of article 6228a relates to the reemployment of retired appointive officers or employees. It states that any retired appointive officer or employee may return to state employment on a temporary basis, as a part-time employee, or a consultant. Provision is made for suspension of retirement benefits after a certain time. It expressly provides that "[a]ny retired member temporarily employed in a class of service from which he has retired shall not contribute to the Retirement System during such reemployment, and the Retirement Plan in effect at the time of his original retirement shall remain unchanged." V.T.C.S. art. 6228a, § 5.B.4. This clearly states that retirees shall not resume the status of contributing members to the retirement system on reemployment by the state. You inform us that under your long-standing practices, retired state employees who return to state employment do not become members of the system. The construction of a statute by the state agency charged with its administration is entitled to great weight. Armco Steel Corporation v. Texas Employment Commission, 386 S.W.2d 894 (Tex. Civ. App. — Austin 1965, writ ref'd n.r.e.). In our opinion, reemployment by the state of a retired state employee does not entitle him to resume membership in the retirement system and establish retirement credit for service not previously established.

## S U M M A R Y

A state employee relinquishes membership in the retirement system when he retires. He does not resume membership upon reemployment with the state, and hence is not a member of the retirement system eligible to receive creditable service under V.T.C.S. article 6228a, § 3.A.3.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Walter Davis
Bob Gammage
Susan Garrison
Rick Gilpin
Bruce Youngblood