**Michael R. GIBSON, Relator,**

v.

**The Honorable Herb MARSH,
Respondent.**

No. 08–86–00071–CV.

Court of Appeals of Texas,
El Paso.

April 23, 1986.

Rehearing Denied May 14, 1986.

Michael R. Gibson, El Paso, for relator.

Steve Simmons, Dist. Atty., El Paso, for respondent.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

PER CURIAM.

Relator, an attorney licensed to practice law in the State of Texas, seeks mandamus relief to compel the Respondent to set a reasonable fee as compensation for Relator's trial representation of an indigent criminal defendant (*State v. Guillermo Perez*, Trial Court No. 45615–243).

The trial consumed four days, concluding on December 19, 1985. On January 6, 1986, Relator submitted a voucher for 31.75 hours of work at $150.00 per hour. This included 28 hours in trial, 3.25 hours consulting with the client and .5 hours consulting with the clerk of the court. The voucher form (Exhibit A) contains a summary of appointment fees approved by the district judges of El Paso County. The jury trial fee has been set at $150.00 per day. Attached to the Respondent's brief is an affidavit of the Respondent reciting that he disapproved the Relator's voucher request because the $4,762.50 fee sought therein exceeded the $150.00 per day fee currently employed in El Paso County. The affidavit further recites that Respondent was and is ready to award a fee of $600.00 based upon four days of trial at $150.00 per day.

Relator concedes that he may be forced to serve as appointed counsel. He contends, however, that unless forced service is accompanied by reasonable compensation the appointment becomes involuntary servitude, prohibited by the Thirteenth Amendment. Between the petition and the supporting brief, Relator asks this Court to:

 A. Compel Respondent to set and order payment of a reasonable attorney fee for his services;

 B. Find that the fees set out in the El Paso County voucher form are unreasonable as a matter of law;

 C. Provide guidelines for the Respondent in determining what is a reasonable fee.

■ Unless we concur with Relator on the reasonableness of compensation in this case, we need not reach the constitutional issue of the Thirteenth Amendment. The fee determination is at least in part governed by Tex.Code Crim.Pro.Ann. art. 26.05 (Vernon Pamphlet Supp. 1966–1985). Subsection (a) of that statute mandates compensation with "a reasonable fee to be set by the court but in no event to be less than $50.00." Relator has not challenged the constitutionality of this statute. Indeed, his request for relief seeks enforcement of its provisions. The statute provides two standards: 1) a reasonable fee, but 2) not less than $50.00. Relator relies on the first, but does not even mention the second provision. The present minimum daily fee employed in El Paso County is three times the statutory minimum. We could hardly find $150.00 per day as unreasonable per se without finding the legislatively established minimum unconstitutional as well. That we are unwilling to do. Neither $50.00 nor $150.00 per day, or fractional part thereof, is unconstitutional per se. To help counterbalance the acknowledged burden shouldered by the defense bar, El Paso County has chosen to triple the statutory minimum. The system may be far from perfect, but it is also far from unconstitutional. A narrow focus on a given case may readily reveal the alleged depredations upon the private practitioner, but the Court cannot help but wonder how often an El Paso attorney has appeared for a fifteen-minute sentencing proceeding and gratefully accepted the $150.00 county minimum without rebating the unreasonable excess payment beyond the State statutory minimum. We decline to find either the State or county minimum fees unreasonable per se.

■ We further find that Relator has waived any claim for a greater fee. Article 26.05, sec. 2, provides that the minimum fee will be automatic unless the trial judge

allows more within five days of judgment. In this case, the judgment was entered on December 19, 1985. The Relator did not even submit a request for payment until January 6, 1986.

 Finally, we note that Respondent has in fact set no fee in this case. Under such circumstances, we could do no more than order that he act to set a reasonable fee. We see no basis in the statute for requiring an attorney to submit a voucher limited to the fees set by the State or the county district judges and to use an excessive claim as an excuse to delay setting a fee. Relator has submitted a voucher, which while apparently exceeding the county fee schedule, is nonetheless adequate for the trial judge to set a reasonable fee. He should do so. We decline to provide advance guidelines for such determination.

It is the opinion of this Court that Relator's petition should be granted to the extent that Respondent should proceed to set a reasonable fee for Relator's appointed service. All other relief sought is denied. The petition for mandamus relief is hereby granted in part and denied in part. It is anticipated that the district judge will enter an order consistent with the opinion of this Court; should he fail to do so, the Clerk of this Court shall issue the writ of mandamus.

## OPINION ON MOTION FOR REHEARING

On April 23, 1986, this Court conditionally granted partial relief to Relator in his pursuit of a reasonable fee for appointed representation of an indigent criminal defendant. Relator had submitted a bill to the trial court for 31.75 hours of work at $150.00 per hour, totaling $4,762.50. The district courts of El Paso utilize an appointment fee schedule allowing $150.00 per day of appearance in trial. The fee allowed under the El Paso schedule is three times the minimum fee authorized under Tex. Code Crim.Pro.Ann. Art. 26.05 (Vernon Pamph.Supp.1966–1985). The trial court rejected Relator's voucher for noncompliance with the El Paso schedule and refused to set any fee. Relator did not ask this

Court to find Article 26.05 unconstitutional. He asked the Court to find the $150.00 El Paso fee unreasonable per se, to order the trial court to set a reasonable fee and to provide guidelines for determining such fee. Relief was granted only to the extent of requiring that the trial court proceed to set a fee.

On May 1, 1986, Relator filed a motion for rehearing, half of which is devoted to complaint concerning the fee which the trial court set on April 26, 1986, and half of which is devoted to an expression of ire at the language of our original opinion. In our original opinion, we stated:

> Relator has not challenged the constitutionality of this statute [Article 26.05]. Indeed, his request for relief seeks enforcement of its provisions. The statute provides two standards: 1) a reasonable fee, but 2) not less than $50.00. Relator relies on the first, but does not even mention the second provision. The present minimum daily fee in El Paso County is three times the statutory minimum. We could hardly find $150.00 per day as unreasonable per se without finding the legislatively established minimum unconstitutional as well. That we are unwilling to do. Neither $50.00 nor $150.00 per day, or fractional part thereof, is unconstitutional per se. To help counterbalance the acknowledged burden shouldered by the defense bar, El Paso County has chosen to triple the statutory minimum. The system may be far from perfect, but it is also far from unconstitutional. A narrow focus on a given case may readily reveal the alleged depredations upon the private practitioner, but the Court cannot help but wonder how often *an El Paso attorney has appeared for a fifteen-minute sentencing proceeding and gratefully accepted the $150.00 county minimum without rebating the unreasonable excess payment beyond the State statutory minimum.*

Relator has responded to the underscored hypothetical by stating:

> Any attorney, duly admitted to the bar in Texas, who would plead a client guilty to a felony offense and spend only 15 min-

utes total time in the case should not only be denied the $150.00 referenced by this Court, he should be forthwith disbarred as should Relator if he has ever been guilty of such gross malpractice.

Perhaps Relator assumed our sentencing reference was to that procedure referenced in subsection (b) of the El Paso fee schedule, pertaining to sentencing. We were referring to the prior practice of brief sentencing hearings following trials on the merits. We are not suggesting that Relator has ever engaged in the kind of gross malpractice which he depicts in his present motion for rehearing.

In any event, Relator's motion does not address another point raised in our original opinion. We concluded that he had waived any claim to a greater amount by failure to comply with Section 2 of Article 26.05, which provides that the minimum statutory fee *shall* be awarded unless a different amount is authorized by the trial judge within five days of judgment. Judgment was entered in the underlying case on December 19, 1985. Relator did not even submit a voucher until January 6, 1986.[1] On that basis alone, we cannot grant further relief to Relator.

The motion for rehearing is overruled.

---

1. Neither Respondent nor any other entity with possible standing has opposed the $600.00 award under the El Paso schedule, and we are not disposed to reduce the award sua sponte to $300.00 in arguable compliance with Article 26.-05.