ACCEPTED
06-14-00086-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/20/2015 5:03:42 PM
DEBBIE AUTREY
CLERK

# No. 06-14-00086-CV

_____

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
3/23/2015 8:22:00 AM
DEBBIE AUTREY
Clerk

In The

# 𝕾ixth Court of Appeals

Texarkana, Texas

_____

**Faye Comte & Laura Severt**,

*Appellants,*

v.

**Smith County Commissioners Court, Joel Baker,
Cary Nix, Jeff Warr, Joann Hampton & Terry Phillips**

*Appellees.*

_____

On Appeal from the 241st District Court
of Smith County, Texas
Trial Cause No. 13-2492-C

---

## REPLY BRIEF OF APPELLANT

---

Laura S. Severt
State Bar No. 24051886
lsevert@jbwlawfirm.com
J. BENNETT WHITE, P.C.
P.O. Box 6250
Tyler, Texas 75711
Telephone No. (903) 597-4300
Telecopier No. (903) 597-4330
*Appellate Counsel*

***ORAL ARGUMENT REQUESTED***

# TABLE OF CONTENTS

Index of Authorities ........................................................................................................................ 3

Brief of the Argument in Reply ...................................................................................................... 2

   A.   COMPLIANCE WITH THE 321ST JUDICIAL DISTRICT COURT'S ORDERS DOES NOT REQUIRE AN AMENDMENT OF THE EXPIRED BUDGET FOR THE FISCAL YEAR OF 2013 .................................................................................................. 2

   B.   COMPLIANCE WITH THE 321ST JUDICIAL DISTRICT COURT'S ORDERS IS NOT BARRED BY THE TEXAS CONSTITUTION OR THE LOCAL GOVERNMENT CODE.................................................................................................................... 2

   C.   APPELLANTS HAVE NO ADEQUATE REMEDY AT LAW ...................................... 3

   D.   LEGISLATIVE IMMUNITY DOES NOT APPLY ....................................................... 4

   E.   THIS IS NOT A SUIT FOR MONEY DAMAGES; THEREFORE, GOVERNMENTAL AND LEGISLATIVE IMMUNITY DO NOT APPLY. ................................................... 5

   F.   IMMUNITY DOES NOT BAR SUIT FOR FUNDS WRONGFULLY WITHHELD ................... 8

   G.   IMMUNITY DOES NOT BAR LIABILITY ............................................................... 8

   H.   WHEN THE STATE BRINGS SUIT, THE STATE VOLUNTARY WAIVES IMMUNITY ................................................................................................................. 10

   I.   THE FACTS IN *KAUFMAN COUNTY V. COMBS* ARE NOT APPLICABLE TO APPELLANTS' CASE ........................................................................................ 11

   J.   SUITS INITIATED BY THE DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES ARE FAR MORE ANALAGOUS TO CRIMINAL PROCEEDINGS THAN CIVIL, THEREFORE, THE REASONING IN *SMITH v. FLACK* SHOULD APPLY. ............... 12

Conclusion ..................................................................................................................................... 14

Certificate of Compliance ............................................................................................................. 15

Certificate of Service .................................................................................................................... 16

# INDEX OF AUTHORITIES

**Cases**

*Alice National Bank v. Edwards*, 383 S.W.2d 482 (Tex.Civ.App.1964, ref., n.r.e) ................................... 13

*Anderson v. Ashe*, 90 S.W. 872 (Tex. 1906) ................................................................................. 13

*Anderson v. City of McKinney,* 236 S.W.3d 481, 483 (Tex.App.—Dallas 2007, no pet.) ........................... 6

*Anderson, Clayton & Co. v. State*, 122 Tex. 530, 62 S.W.2d 107 (Tex. 1933) ......................................... 10

*Bryan v. City of Madison MS*, 213 F.3d 267 (5th Cir. 2000) ............................................................. 5

*Chrestman v. Tompkins,* 5 S.W.2d 257 (Tex.Civ.App.—Dallas 1928) ...................................................... 8

*City of Mission v. Eureka Fire Hose Co.,* 67 S.W.2d 455, 456 (Tex. Civ. App.—San Antonio 1933, writ dism'd w.o.j.) ............................................................................................................................. 3

*City of San Antonio v. Routledge*, 102 S.W. 756, 765 (Tex. Civ App. 1907, writ ref'd) .............................. 4

*City of Seagoville v. Lyttle,* 227 S.W.3d 401 (Tex. App.--Dallas 2007, no writ) ......................................... 6

*Clear Lake City Water Auth. v. Salazar*, 781 S.W.2d 347, 349 (Tex.App.-Houston [14th Dist.] 1989, no writ) .................................................................................................................................... 5

*Commonwealth of Massachusetts v. Davis*, 160 S.W.2d 543 (Tex. 1942, reversed in part 140 Tex. 398, 168 S.W.2d 216) .............................................................................................................. 10, 16

*Denman v. Coffee*, 91 S.W. 800 (Tex. Civ. App. 1905) ............................................................................ 13

*Garrett v. City of Wichita Falls,* 334 S.W.2d 624 (Tex.Civ.App.—Fort Worth, 1960, no writ) .................. 4

*Gibson v. Honorable Herb March,* 710 S.W.2d 107 (Tex. App.—El Paso 1986) ...................................... 8

*Harris County v. Walsweer*, 930 S.W.2d 659 (Tex.App.—Houston [1st Dist.] 1996, writ denied) ............. 4

*Hawthorne v. La-Man Constr., Inc., 672 S.W.2d 255, 258 (*Tex.App.--Beaumont 1984, no writ) ............... 4

*Hinojosa v. Tarrant Cnty,* 355 S.W.3d 812 (Tex. App. –Amarillo 2011, no writ) ...................................... 6

*Hughes v. Tarrant County Texas,* 948 F.2d 918, 920 (5th Cir. 1991) ........................................................ 5

*In re M.S.,* 115 S.W.3d 534, 544 (Tex. 2003) ........................................................................................ 12

*In re Perry*, 60 S.W.3d 857, 860 (Tex.2001) ........................................................................ 5

*In the Interest of M.V.G., a Child,* 285 S.W.3d 576 (Tex.App.—Waco 2009).......................... 13

*Kaufman County v. Combs*, 393 S.W.3d 336 (Tex. App.—Dallas, 2012, pet. denied) .............. 11

*Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 8 (Tex. 2000) ........................................... 8, 9

*Mitchell v. Ramfield*, 523 S.W.2d 456 (Tex.Civ.App.—Austin 1975, no writ).......................... 7

*Smith v. Flack, 728 S.W.2d 784 (Tex. Crim. App. 1987)* ........................................................ 13

*Smith v. McCoy*, 533 S.W.2d 457 (Tex.Civ.App.1976) writ dism'd w.o.j. ........................... passim

*State v. Martin*, 347 S.W.2d 809, 814 (Tex.Civ.App.--Austin 1961, writ ref'd n.r.e.) .............................. 10

*Strickland v. Washington,* 466 U.S. 668, 687 (1984).............................................................. 12

*Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 643 (Tex. 2004)...................... 9

*Texas Natural Resources Conservation Com'n v. IT-Davy,* 74 S.W.3d 849, 856 (Tex. 2002) .................. 6

*W.D. Haden Co. v. Dodgen,* 308 S.W.2d 838, 841 (Tex. 1958) .................................................. 8

*Waller County v. Freelove,* 210 S.W.2d 602, 604 (Tex. Civ. App.—Galveston 1948, *writ ref'd n.r.e)* .. 2, 3

**Statutes**

Tex. Fam. Code § 107.012.......................................................................................................... 9
Tex. Fam. Code § 107.015.......................................................................................................... 9
Tex. Fam. Code. Ann. §§ 107.12, 107.15 (Vernon 2014) ........................................................ 10
Tex. Prob. Code Ann. §669(a) .................................................................................................. 11
Texas Local Gov't Code §115.021 ............................................................................................ 9
Texas Local Gov't. Code §113.064 ........................................................................................... 9

**Other Authorities**

38 Tex.Jur.3rd, Extraordinary Writs, § 115, pp. 240-241 .......................................................... 7
TEX. ATT'Y GEN. OP. NO. GA-0340 (2005) ............................................................................ 2

TO THE HONORABLE SIXTH COURT OF APPEALS:

The law regarding payment of court appointed attorneys ad litem for indigent parents and children is clear. The duty of the county auditor to audit and approve claims and present them to the commissioners court is clear. The duty of the commissioners court to audit and settle all valid claims is clear. Requiring the additional step of litigation to obtain payment for services rendered and *already previously* ordered by a district court negates the very laws established by the Texas legislature. Further, to interpret the law as Appellees contend would deprive any court of jurisdiction to require any governmental body to pay its obligations, whether incurred through judicial order, established by a lawsuit, or otherwise. This simply is not and cannot be the law.

Appellants have met the standard for issuance of mandamus. Appellants have presented to the Smith County Commissioners Court, a valid, fixed, and final order approved by the auditor. The Texas Constitution, Texas statutes, legislative immunity, and government immunity do not shield the Smith County Commissioners Court from the duty to pay court-appointed ad litem attorneys.

**A.** **COMPLIANCE WITH THE 321ST JUDICIAL DISTRICT COURT'S ORDERS DOES NOT REQUIRE AN AMENDMENT OF THE EXPIRED BUDGET FOR THE FISCAL YEAR OF 2013**

Appellees contend that payment of the properly presented Ad Litem fees cannot be made because the 2013 Fiscal Year Budget cannot be amended. An inability to amend a budget does not extinguish an obligation. In fact, a careful reading of the Attorney General's opinion cited by Appellees clearly states that the inability of a commissioners court to amend an expired budget does not preclude payment of an unpaid obligation in a later budget. TEX. ATT'Y GEN. OP. NO. GA-0340 (2005). *See generally Waller County v. Freelove,* 210 S.W.2d 602, 604 (Tex. Civ. App.—Galveston 1948*, writ ref'd n.r.e)* (suit by architect for fees not precluded by county's failure to include fees in budget).

**B.** **COMPLIANCE WITH THE 321ST JUDICIAL DISTRICT COURT'S ORDERS IS NOT BARRED BY THE TEXAS CONSTITUTION OR THE LOCAL GOVERNMENT CODE**

Appellees contend that the commissioners are relieved from any obligation to pay the properly presented and approved Ad Litem fees because the amount owed to Appellants exceeds the amount budgeted in the 2013 Fiscal Year Budget, thereby making the amount owed an unconstitutional debt. Although Appellants do not agree that their fees in any way violate the Texas Constitution, if deemed so,

the Commissioners are not relieved of their payment obligation as the County has received a benefit for the services already performed by Appellants. *See generally Freelove,* 210 S.W.2d at 604 (suit by architect for fees not precluded by county's failure to include fees in budget). Counties and municipalities will not be permitted to accept and utilize property or services and evade the payment of reasonable compensation because of an alleged technical defect in their procurement. *Id.* Municipalities should be and are compelled to act with some degree, at least, of honesty and uprightness in their dealings with the public, and should not be permitted to evade payment of the obligations on bare technicalities, when they received full value from the commodities furnished them. *City of Mission v. Eureka Fire Hose Co.,* 67 S.W.2d 455, 456 (Tex. Civ. App.—San Antonio 1933, writ dism'd w.o.j.).

## C. APPELLANTS HAVE NO ADEQUATE REMEDY AT LAW

Appellants have already obtained orders from the 321st District Court of Smith County requiring the ad litem fees be paid from the county's general fund. Those orders were examined and approved for payment by the County Auditor and deemed to be in compliance with Texas Family Code and the Tex. Loc. Gov't Code. (C.R. at 23-28) Appellants have established their right to the fees, yet the Commissioners Court withholds payment in complete disregard of the applicable statutes and the District Court's Orders. The issue is not whether Appellants have

an adequate remedy to obtain a judgment; the issue is whether the commissioners court can evade paying a valid claim. Appellees insist that they cannot be forced to pay. The fact of the matter here is that without mandamus, Appellants have no remedy to collect a rightful claim.

A municipal corporation is as much bound to pay a judgment which the law has authorized against it as is an individual or corporate defendant. *See Garrett v. City of Wichita Falls,* 334 S.W.2d 624 (Tex.Civ.App.—Fort Worth, 1960, no writ). No adequate remedy exists for Appellants except mandamus, or possibly the eventual appointment of a receiver. *City of San Antonio v. Routledge*, 102 S.W. 756, 765 (Tex. Civ App. 1907, writ ref'd). Where the amount of demand is absolutely fixed and determined, is here by Judicial Order properly approved by the County Auditor, and it is the duty of the Commissioners to provide for payment, mandamus may issue to compel payment. *See, id* at 766; *see also Harris County v. Walsweer*, 930 S.W.2d 659 (Tex.App.—Houston [1st Dist.] 1996, writ denied)*(citing Hawthorne v. La-Man Constr., Inc., 672 S.W.2d 255, 258 (*Tex.App.--Beaumont 1984, no writ)*.

## D.    LEGISLATIVE IMMUNITY DOES NOT APPLY

Legislative immunity protects individuals from liability when acting in a legislative capacity. Thus, the applicability of that defense turns on the nature of the conduct at issue. *See, Clear Lake City Water Auth. v. Salazar*, 781 S.W.2d 347,

349 (Tex.App.-Houston [14th Dist.] 1989, no writ) (applying immunity to local water board). An action is legislative in nature when it reflects a discretionary, policymaking decision of general application rather than an individualized decision based on particular facts. *In re Perry*, 60 S.W.3d 857, 860 (Tex.2001). Further, if an action singles out specific individuals and affects them differently from others, it is not legislative in nature. *See Hughes v. Tarrant County Texas,* 948 F.2d 918, 920 (5th Cir. 1991).

The decision by the Smith County Commissioners Court to deny payment to noncontract attorneys was not based on a general policy with regard to all non-contract attorneys in every court in Smith County, but was specific to only a handful of attorneys, and the 321st Judicial District. This "policy" is based on specific acts of a specific judge. Further, it affected non-contract attorneys differently from contract attorneys who were appointed under the same statutes and performed the same job. This was not a legislative act, and legislative immunity does not apply. *See, Bryan v. City of Madison MS*, 213 F.3d 267 (5th Cir. 2000); *see also, Hughes,* 948 F.2d at 920.

**E.  THIS IS NOT A SUIT FOR MONEY DAMAGES; THEREFORE, GOVERNMENTAL AND LEGISLATIVE IMMUNITY DO NOT APPLY.**

Appellees' mischaracterize Appellants request for mandamus as a "disguised" claim for money damages. The cases cited by Appellees discuss

5

mandamus where the actual relief sought was the payment of unspecified back pay money damages. *See eg. City of Seagoville v. Lyttle,* 227 S.W.3d 401 (Tex. App.--Dallas 2007, no writ); *see also, Hinojosa v. Tarrant Cnty,* 355 S.W.3d 812 (Tex. App. –Amarillo 2011, no writ). In each case, mandamus was being sought to compel the performance of an act where the underlying claim was barred by immunity. Private parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages, such as a contract dispute, as a declaratory-judgment claim. Such a claim would be an impermissible attempt to control state action by imposing liability on the State. *See Texas Natural Resources Conservation Com'n v. IT-Davy,* 74 S.W.3d 849, 856 (Tex. 2002); *Anderson v. City of McKinney,* 236 S.W.3d 481, 483 (Tex.App.—Dallas 2007, no pet.).

Appellants are not seeking damages, but instead seeking enforcement of valid court orders for payment. Appellants acknowledge that the prayer in their brief requests that the amount owed be calculated. This request was included in the prayer simply to account for the fact that there were five attorneys ad litem seeking relief in the court below but only two of these five are seeking review by this Court. Appellees have not challenged the amounts or validity of the claims sought or that any of Appellants' specific invoices were unreasonable.

6

Appellants have already obtained orders from the 321st District Court of Smith County requiring the fees to be paid from the county's general fund, which were examined and approved for payment by the County Auditor and deemed to be in compliance with Texas Family Code and the Tex. Loc. Gov't Code. (C.R. at 23-28.) Appellants are not seeking that this court assess an unknown amount of damages; Appellants are not seeking damages for work not performed; Appellants are not seeking attorneys fees in the prosecution of this matter; and Appellants and not seeking interest applied to the fees wrongfully withheld. Appellants are simply requesting that Mandamus issue to compel the Commissioners Court to follow the law and the 321st Judicial District Court's orders.

"*It has been said that mandamus is but the 'means' or 'execution' to enforce the judgment in favor of those to whom the writ has been awarded, that its function is to execute, not to adjudicate, and that mandamus does not function to establish as well as enforce, a claim of uncertain merit.*" 38 Tex.Jur.3rd, Extraordinary Writs, § 115, pp. 240-241. (Emphasis supplied.) *See also Mitchell v. Ramfield*, 523 S.W.2d 456 (Tex.Civ.App.—Austin 1975, no writ); *Smith v. McCoy*, 533 S.W.2d 457 (Tex.Civ.App.1976) writ dism'd w.o.j.

**F. IMMUNITY DOES NOT BAR SUIT FOR FUNDS WRONGFULLY WITHHELD**

Immunity involves two issues; immunity from suit and immunity from liability. Where statutory or constitutional provisions create an entitlement to payment, suits seeking to require state officers to comply with the law are not barred by immunity merely because they compel the state to make those payments. *W.D. Haden Co. v. Dodgen,* 308 S.W.2d 838, 841 (Tex. 1958). *See, Gibson v. Honorable Herb March,* 710 S.W.2d 107 (Tex. App.—El Paso 1986) (mandamus issued to compel judge to order a reasonable fee for Relator's appointed service); *see also, Chrestman v. Tompkins,* 5 S.W.2d 257 (Tex.Civ.App.—Dallas 1928) (mandamus issued to compel auditor of city to officially countersign warrant upon county treasurer for $225 for attorney fees rightfully earned and not in controversy). The statutory provisions entitling Appellants to payment have been adequately briefed in Appellants' Brief.

**G. IMMUNITY DOES NOT BAR LIABILITY**

The Supreme Court has found waiver of immunity even without express "magic language" when the provision in question would be meaningless unless immunity is waived. *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 8 (Tex. 2000) (holding that the anti-retaliation statute had no meaning absent waiver of sovereign immunity).

8

The legislature stated that an attorney ad litem *shall* be appointed to represent children or indigent parents in a suit filed by a governmental entity requesting termination of the parent-child relationship or to be named conservator of the child. Tex. Fam. Code § 107.012. Further, the legislature stated that the attorney ad litem *shall* be paid from the general fund of the county. Tex. Fam. Code § 107.015. Further, the auditor must examine each claim and approve it before the meeting of the Commissioners Court. Texas Local Gov't. Code §113.064. The legislature stated that the commissioners court of a county *shall* audit and settle all accounts against the county and *shall* direct payment of those accounts. Texas Local Gov't Code §115.021.

Considering whether statutory provisions were intended by the Legislature to waive immunity, courts may ask whether a statute makes any sense if immunity is not waived. *Kerrville State Hosp.,* 28 S.W.3d at 6; *accord, Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 643 (Tex. 2004). Unless the commissioners court is required to tender payment, the statute becomes meaningless; therefore, there must be redress for failure to comply. That redress is mandamus.

**H. WHEN THE STATE BRINGS SUIT, THE STATE VOLUNTARY WAIVES IMMUNITY**

The fees incurred by Appellants were the result of the actions by the State. Immunity is waived by the State when it brings suit. *State v. Martin*, 347 S.W.2d 809, 814 (Tex.Civ.App.--Austin 1961, writ ref'd n.r.e.) (holding that when the State brings suit, it voluntarily waives its immunity from any defenses, including counterclaims incident to, connected with, arising out of, or germane to the controversy involved in the State's suit). *See also Anderson, Clayton & Co. v. State*, 122 Tex. 530, 62 S.W.2d 107 (Tex. 1933); *Commonwealth of Massachusetts v. Davis*, 160 S.W.2d 543 (Tex. 1942, reversed in part 140 Tex. 398, 168 S.W.2d 216).

All of the fees sought resulted from suits filed by a government entity for the termination of the parent-child relationship or for the state to be named conservator of the child. The state's suits required appointment of ad litems and the fees are required to be paid out of the general fund of the county. *See* Tex. Fam. Code. Ann. §§ 107.12, 107.15 (Vernon 2014). Because these fees were the direct result of suits filed by a state entity, the state has waived the defense of immunity for the fees incurred.

**I.** **THE FACTS IN *KAUFMAN COUNTY V. COMBS* ARE NOT APPLICABLE TO APPELLANTS' CASE**

Appellees' assertion that *Kaufman County v. Combs* is in anyway analogous to this case clearly indicates a misunderstanding of the underlying facts of both cases. Combs was appointed attorney ad litem and guardian of the estate in a guardianship proceeding in Kaufman County. Upon completion of the guardianship, Combs was awarded $143,168.95 in fees and expenses "in performance of her duties in her Court appointments as Attorney Ad Litem of WARD and Guardian of the Estate of WARD." *Kaufman County v. Combs*, 393 S.W.3d 336 (Tex. App.—Dallas, 2012, pet. denied). The order awarding attorneys fees in Combs did not order that the fees be paid by the County, which was in violation of the Tex. Prob. Code Ann. §669(a), stating in relevant part that costs of the proceeding shall be paid out of the county treasury, and judgment of the court shall be issued accordingly. *Combs*, 393 S.W.3d 336, note 2. Combs presented the Order to the Kaufman County Commissioners Court requesting payment from the County pursuant to Section 669 of the Texas Probate Code. *Id.* at 340. Pursuant to section 113.064(a), of the Texas Local Government Code, the County Auditor denied approval because he was unable to determine what amount, if any, was the responsibility of the county. *Id.* The facts in Combs are distinguishable to Appellants' case. Combs did not have an order specifically directing the county to

11

pay for the fees incurred; therefore, the order was not binding on the county. *Id*. Further, Combs' claim was never approved by the auditor, so payment by the commissioners court could not be made. *Id*. Moreover, Combs did not comply with the statutory requirements of either the Probate Code or the Government Code; therefore, she had no right to payment by the county for the fees incurred. Although the judgment was overturned, Combs' award of $143,168.95 for the fee order, plus interest, and $558,114.62 in attorney's fees proves that she was seeking much more than the enforcement of a fixed claim rightfully owed.

**J.  SUITS INITIATED BY THE DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES ARE FAR MORE ANALAGOUS TO CRIMINAL PROCEEDINGS THAN CIVIL, THEREFORE, THE REASONING IN *SMITH v. FLACK* SHOULD APPLY.**

Because of the constitutional issues involved in both criminal and DPFS cases, Courts have routinely applied analysis developed in criminal cases to parental termination cases governed by section 263.405 of the Family Code. The statutory right to counsel in parent termination cases embodies the right to effective counsel. *In re M.S.,* 115 S.W.3d 534, 544 (Tex. 2003)(the two-pronged analysis employed in *Strickland v. Washington,* 466 U.S. 668, 687 (1984), is also used in termination cases). *In the Interest of M.V.G,* the appellate court noted that the legislature clearly gave trial courts the same duty to appoint counsel to represent indigent defendants, and required the payment of those attorneys fees

from the general fund of the county in both criminal and DFPS termination cases; therefore, the court employed the same analysis as in a criminal case to determine whether the appellate court or the trial court was to decide if an appointed attorney was permitted to withdraw. *In the Interest of M.V.G., a Child,* 285 S.W.3d 576 (Tex.App.—Waco 2009) (order abating appeal) (per curium). Further, *Smith v. Flack, 728 S.W.2d 784 (Tex. Crim. App. 1987)* relied heavily on a number of civil cases to determine if mandamus should issue. *Anderson v. Ashe*, 90 S.W. 872 (Tex. 1906) (district court held to have jurisdiction of a mandamus proceeding to compel a county auditor to sign a warrant); *Denman v. Coffee*, 91 S.W. 800 (Tex. Civ. App. 1905); *Alice National Bank v. Edwards*, 383 S.W.2d 482 (Tex.Civ.App.1964, ref., n.r.e) (per curium).

## CONCLUSION

Appellants qualify for mandamus relief, which is not barred by the Constitution, the statutes of the State of Texas, nor immunity. This Court should reverse the district court's decision to deny Appellants' Petition for Writ of Mandamus and remand their case to the district court with instructions that the district court issue a writ of mandamus compelling the Smith County Commissioners Court and its members to direct payment to the Appellants for the owed amounts.

RESPECTFULLY SUBMITTED,

J. BENNETT WHITE, P.C.
P.O. Box 6250
Tyler, Texas 75711
Telephone No. (903) 597-4300
Telecopier No. (903) 597-4330

LAURA S. SEVERT
**lsevert@jbwlawfirm.com**
Texas Bar No. 24051886
*Attorneys for Appellants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Reply Brief of Appellants includes 2,867 words and thus complies with Texas Rule of Appellate Procedure 9.4.

_____
LAURA S. SEVERT

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2015, a true and correct copy of the foregoing was served on the following counsel of record via email and U.S. mail, postage prepaid:

Robert Davis
Flowers Davis, PLLC
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701

LAURA S. SEVERT