Jo Ann E. COMBS, Appellant,

v.

KAUFMAN COUNTY, Texas, Wayne Gent, Jim Deller, Gerald Rowden, Kenneth Schoen, Ken Leonard and Hal D. Jones [1], Appellees.

No. 05–07–01152–CV.

Court of Appeals of Texas, Dallas.

Dec. 30, 2008.

Rehearing Overruled Jan. 29, 2009.

---

1. Wayne Gent, Jim Deller, Gerald Rowden, Kenneth Schoen, Ken Leonard and Hal D. Jones are members of the Kaufman County Commissioner's Court, and, along with Kaufman County, Texas, are collectively referred to as the "County."

Richard B. Schiro, Law Offices of Richard B. Schrio, Dallas, for Appellant.

Charles R. Kimbrough, Bickerstaff, Heath, Smiley, Pollan, Kever & McDani, Bradley Bruce Young, Bickerstaff Heath Delgado Acosta LLP, Austin, for Appellees.

Before Justices MOSELEY, RICHTER and FRANCIS.

## OPINION

Opinion by Justice RICHTER.

This is a subject matter jurisdiction case. Jo Ann E. Combs ("Guardian") appeals dismissal of her lawsuit to collect fees generated during a guardianship proceeding (the "WD Guardianship"). The trial court found the district court in which the WD Guardianship proceeded (the "Guardianship Court") never obtained subject matter jurisdiction over the WD Guardianship and any orders entered by that court were void. The trial court then concluded it did not have subject matter jurisdiction to enforce any orders entered in the WD Guardianship and dismissed the present lawsuit. For the reasons set forth below, we reverse the trial court's dismissal and remand the case for trial on the merits.

## Background[2]

On June 24, 1994, the WD Guardianship was filed in the Constitutional County Court of Kaufman County[3] to establish a guardianship for Wallace Darst ("WD"), who suffered from Alzheimer's Disease. The case was filed by one of WD's sons, Joseph, and docketed as No. 94G–10. Joseph asked the court to appoint him as his father's guardian. Joseph's application was served by certified mail on WD's two other children. Joseph's siblings filed an answer on July 5, 1994 denying the material allegations in Joseph's application and specifically disputing their brother's qualifications to serve as WD's guardian.

The presiding judge of the county court was WD's sister-in-law who recused herself.[4] Attorneys for WD's son and lawyers for other interested parties then asked Judge Glen Ashworth, the judge for the 86th Judicial District Court, to preside

---

2. Inasmuch as the sole issue decided by the trial court was whether it had subject matter jurisdiction, we recite only those facts necessary to the jurisdictional inquiry.

3. Kaufman County's statutory county court (i.e., its County Court at Law) was not created until January, 1995. Tex. Gov't Code Ann. §§ 25.1311, 25.1312 (Vernon Supp.2008). Therefore, the constitutional county court had original subject matter jurisdiction of the WD Guardianship. Tex. Prob.Code Ann. §§ 4, 5, 605, 606 (Vernon 2003 & Supp.2008).

4. The Texas Constitution prohibits any judge from sitting in any case "wherein the judge may be interested, or where either of the parties may be connected with the judge either by affinity or consanguinity within such a degree as may be prescribed by law...." Tex. Const. art. V, § 11. After recusing herself, the county court judge "granted" a motion to transfer the WD Guardianship to the district court. No party to the present appeal claims her attempted transfer after her recusal was valid.

over the WD Guardianship.[5] Judge Ashworth agreed and the case was renumbered as Cause No. 47,561. No one objected to the appointment and, a day after filing their original answer in county court, Joseph's siblings filed their supplemental answer in Judge Ashworth's court. The district judge thereafter appointed the Guardian to be WD's attorney ad litem and guardian of WD's estate. Eight years later, in 2002, after a contested hearing on the Guardian's fee application, Judge Ashworth awarded the Guardian $143,168.95 for fees and expenses provided and incurred in the performance of her duties in the WD Guardianship. The 2002 order was not appealed.

In 2006, the Guardian filed the present lawsuit to recover the amount Judge Ashworth awarded in his 2002 order from the County.[6] In response, among other motions, the County moved for dismissal on the ground of lack of subject matter jurisdiction. The County contended that the original movement of the WD Guardianship from the county court to the district court was never effective and, therefore, Judge Ashworth never acquired subject matter jurisdiction of the WD Guardianship. Accordingly, any orders entered by Judge Ashworth-including the 2002 award of fees to the Guardian-were void. Considering the 2002 order null and void, the County argued the trial court did not have subject matter jurisdiction in the present

case to enforce the Guardian's fee recovery. The trial court's granting the County's motions to dismiss for lack of subject matter jurisdiction provided:

(a) the District Court of Kaufman County, Texas in Cause 47,561, styled In the Matter of the Guardianship of Wallace A. Darst, never acquired jurisdiction of the parties, the property, or the subject matter of the original Darst guardianship proceeding, which original proceeding was initially filed in Cause No. 94G–10, styled In the Matter of the Guardianship of Wallace A Darst, in the Constitutional County Court of Kaufman County, Texas; and

(b) as a result, the judgment or order fixing Plaintiff's fees in Cause No. 47,-561, dated September 12, 2002 and upon which the instant case is void and unenforceable against Defendants. Therefore, the Court lacks subject matter jurisdiction regarding all claims and causes of action alleged by Plaintiff in this, the instant suit, and this suit should be dismissed for lack of subject matter jurisdiction. All other issues alleged by Defendants in said motions are denied.

. . .

As a result of the issues granted [above], the Court lacks subject matter jurisdiction regarding all claims

---

5. In his deposition, Judge Ashworth testified that before he agreed to the appointment, he talked to Judge Darst who told him "it was a fight or dispute among the children ... [a]s to the estate of Wallace Darst and kind of who, quote, had him under control and that sort of thing." Judge Ashworth also testified about the circumstances surrounding his appointment: "I had a conversation with some lawyers who were involved in this case in conjunction with whether or not I would accept to do it," and "the lawyers were involved came up to see me and said 'Judge Darst is going to recuse herself.' They had a couple of

options, one of which was there is some procedure to get a visiting probate judge ... It is a particular requirement that just the probate courts follow. Or they could assign it to me and they came to visit to see whether or not I would agree to do it. And I accepted that."

6. After it was determined WD's estate was insolvent, the Guardian initiated the present case against Kaufman County under Texas Probate Code Section 669. TEX. PROB.CODE ANN. § 669 (Vernon 2003).

and causes of action alleged by Plaintiff in this suit. Therefore, this suit, and all claims and causes of action alleged by plaintiff in this suit, are in all things dismissed for lack of subject matter jurisdiction.

The trial court did not reach the merits of the Guardian's claims. Accordingly, the only holding at issue in this appeal is whether the trial court had subject matter jurisdiction.[7]

### Standard of Review

 Subject matter jurisdiction is essential for a court to have authority to decide a case; it is never presumed and cannot be waived. *Alfonso v. Skadden,* 251 S.W.3d 52, 55 (Tex.2008) (per curiam), *cert. denied,* —— U.S. ——, 129 S.Ct. 402, 172 L.Ed.2d 286 (2008) (subject matter jurisdiction cannot be waived and can be raised at any time); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443–44 (Tex.1993). In reviewing an order of dismissal for want of jurisdiction, we construe the pleadings in favor of the pleader and look to the pleader's intent. *Tex. Ass'n of Bus.,* 852 S.W.2d at 446. Whether a pleader has alleged facts that affirmatively demonstrate subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). In performing this review, we do not look to the merits of the case, but consider only the pleadings and evidence relevant to the jurisdictional inquiry. *Id.; County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002).

### Applicable Law

The Texas Probate Code vests county courts with jurisdiction of probate matters. TEX. PROB.CODE ANN. § 4 (Vernon 2003). In specific instances, the statute allows county courts to transfer probate cases to other courts. TEX. PROB.CODE ANN. § 5 (Vernon Supp.2008); TEX. GOV'T CODE ANN. § 25.022(h) (Vernon 2004). However, if a county court judge is disqualified before he or she can transfer a case, the Texas Constitution provides an alternative procedure whereby "the parties interested may, by consent, appoint a proper person to try said case." TEX. CONST. Article V, § 16 (Vernon 2007). Specifically,

[w]hen the judge of the County Court is disqualified in any case pending in the County Court the parties interested may, by consent, appoint a proper person to try said case, or upon their failing to do so a competent person may be appointed to try the same in the county where it is pending in such manner as may be prescribed by law. TEX. CONST. art. V, § 16.

### Discussion

 The lynchpin of this appeal is whether the Guardianship Court acquired subject matter jurisdiction. It is undisputed that one of WD's sons filed the guardianship in county court. WD's other children filed an answer denying the material allegations in Joseph's application and specifically disputing their brother's qualifications to serve as WD's guardian. The face of their original answer as well as their

---

**7.** The parties seek to raise issues relating to the merits of the Guardian's claims in the present suit. However, since the only determination of the trial court is that it does not have subject matter jurisdiction, we decline to address the parties' other issues, including the validity of the trial court's "alternative ruling" granting the County summary judgment and a take-nothing judgment on the ground of lack of subject matter jurisdiction. During oral argument, the County's lawyer was asked: "If we happen to find that the order, the motion, the transfer was not void, what does that do to your case?" The County's attorney conceded "it reverses it."

attorney's letter to the county court clerk requesting filing of their original answer reflect that the document was conveyed and filed in the county court. Judge Ashworth testified that the county court judge told him there was a dispute among WD's children and that before he agreed to be appointed to preside over the WD Guardianship, the lawyers came to him and asked him if he would agree to the appointment. Accordingly, before Judge Ashworth's appointment, the WD Guardianship was a contested matter in which the parties interested (i.e., WD's children) agreed to appoint Judge Ashworth to preside over the case. Thereafter, no one objected to Judge Ashworth's appointment and, during the eight years the WD Guardianship was open, no one objected to his subject matter jurisdiction.

The County contends that once the county judge recused herself, the Probate Code mandated transfer of the WD Guardianship to a visiting probate judge. TEX. PROB.CODE ANN. §§ 5(b), 606 (Vernon Supp. 2008). However, the County's contention ignores the state constitution, which since 1892 has provided two alternatives for dealing with the disqualification of a constitutional county judge. *San Angelo Nat'l Bank v. Fitzpatrick*, 88 Tex. 213, 30 S.W. 1053, 1054–55 (1895) (Section 16 of Article V provides two alternatives, one being the parties' agreement on a replacement judge). One alternative is the selection of a mutually agreeable substitute judge by the parties. *In re Orsagh*, 151 S.W.3d 263, 265(Tex.App.-Eastland 2004, no pet.) (citing TEX. CONST. art. V, § 16). In the WD Guardianship, the parties merely used this first method and selected a substitute judge by mutual agreement.[8] *Cf. In re Orsagh*, 151 S.W.3d at 265–66 (where the parties did not agree to select another judge, the appeals court was required to determine if an attempted transfer complied with the Texas Probate Code). We conclude the Guardianship Court had subject matter jurisdiction over the WD Guardianship.

Having jurisdiction, Judge Ashworth had the authority to determine the Guardian's fee recovery and his 2002 order is a valid, enforceable order. TEX. GOV'T CODE ANN. § 21.001(a) (Vernon 2004). Therefore, trial court erred when it held it lacked jurisdiction regarding the Guardian's claims in the present case.

### Conclusion

The judgment of the trial court dismissing this case for lack of subject matter jurisdiction is reversed and the cause remanded for trial on the merits.

---

8. The County argues that without a written order there cannot be a valid selection of a substitute judge. This argument directly contradicts this Court's decision in *European Crossroads' Shopping Ctr., Ltd. v. Criswell*, 910 S.W.2d 45, 51 (Tex.App.-Dallas 1995, writ denied) ("Exchange or transfer does not require a formal order."). *See also, Pinnacle Gas Treating, Inc. v. Read*, 160 S.W.3d 564, 566 (Tex.2005); *In re Houston Lighting & Power Co.*, 976 S.W.2d 671, 673 (Tex.1998).