KAUFMAN COUNTY, Texas, Wayne Gent, Jim Deller, Gerald Rowden, Ray Clark, J.C. Jackson, and Hal D. Jones, Appellants

v.

**Jo Ann E. COMBS, Appellee.**

**No. 05–10–00896–CV.**

Court of Appeals of Texas, Dallas.

July 31, 2012.

---

Charles R. Kimbrough, Bradley Bruce Young, Bickerstaff Heath Delgado Acosta LLP, C. Robert Heath, Bickerstaff Heath Smiley Pollan Kever & McDaniel, Austin, TX, for Appellants.

Richard B. Schiro, Greg Butts, Law Offices of Richard B. Schiro, Dallas, TX, for Appellee.

Before Justices MORRIS, FRANCIS, and LANG–MIERS.

## OPINION

Opinion By Justice MORRIS.

This is the second appeal from a lawsuit brought by attorney Jo Ann E. Combs seeking payment from Kaufman County of certain fees and expenses she was awarded for court-appointed duties in a guardianship proceeding. On remand from the first appeal, both parties filed motions for summary judgment. The trial court granted a final summary judgment in Combs's favor. The trial court denied the motions for summary judgment filed by appellants Kaufman County, Texas, Wayne Gent, Jim Deller, Gerald Rowden, Ray Clark, J.C. Jackson, and Hal D. Jones. Identifying fifteen issues, appellants generally contend that the trial court lacked subject matter jurisdiction over Combs's lawsuit and erred in granting summary judgment against them. Because we conclude appellants have governmental immunity from suit on all of Combs's claims, we reverse the trial court's summary judgment and render judgment dismissing Combs's lawsuit.

## I.

This matter arises from a guardianship proceeding in which Combs was appointed attorney ad litem and guardian of the estate for an incapacitated adult. In May of 2002, Combs filed an application for fees and expenses in that proceeding. Her application noted that Combs had served as attorney ad litem for the ward until his death on December 18, 2000 and continued to act as guardian of the ward's estate.[1] The application included fees and expenses for professional services rendered from 1995 to 2002 and requested that payment be approved, taxed as costs in the guardianship proceeding, and classified by the court as a preferred debt and lien on the funds and assets belonging to the ward's estate.

On September 12, 2002, the guardianship court by written order awarded Combs $143,168.95 in fees and expenses "in the performance of her duties in her Court-appointments as Attorney ad Litem of WARD and Guardian of the Estate of WARD." In relevant part, the decretal portion of the September 12 order relating to Combs's fee application provided as follows: "**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT THE APPLICATION TO PAY FEES AND EXPENSES FILED BY JO ANN E. COMBS IS APPROVED, AND SHOULD BE PAID TO JO ANN E. COMBS IN THE PRINCIPAL SUM OF $143,168.95, WHICH SUM IS TAXED AS A COST IN THIS PROCEEDING, SAID SUM TO**

---

1. Combs indicated in the application that she held property belonging to the ward.

**ACCRUE INTEREST AT THE LEGAL RATE UNTIL PAID."** In her appellate brief, Combs concedes that the fee order has no decretal language with respect to who was responsible for payment of the fees she was awarded. The fee order also recited that there were no funds or assets remaining in the guardianship estate to pay the amount awarded to Combs. Notably, the County was not notified of Combs's fee application and is not mentioned in the fee order. There is nothing in the record to suggest that Combs specifically sought an order from the guardianship court ordering the County to pay any fees awarded to her by the guardianship court. The fee order was not appealed.

On November 7, 2002, Combs presented the fee order to the Kaufman County Commissioners Court noting that the guardianship estate was insufficient to pay the order and demanded payment from the County pursuant to section 669 of the Texas Probate Code.[2] Combs's request was on the agenda at the next commissioners court meeting but was tabled without any action being taken. In August 2004, Combs wrote to the county judge and commissioners reiterating her demand for payment. The county auditor responded to her letter noting that he was required to examine and approve claims under section 113.064(a) of the Texas Local Government Code before payment could be made. He further stated that, based on the documentation presented, he could not determine what amount, if any, was the responsibility of the County. Relying on a letter opinion of the attorney general, the auditor argued

that under section 669, any fees Combs was awarded in her capacity as guardian of the estate were not properly part of "the cost of the proceeding" and therefore the County was not responsible for the payment of those fees. *See* Tex. Att'y Gen. LO–95–083 (1995). He therefore requested detailed contemporaneous billing records identifying Combs's services and the capacity in which they were provided. Further letters were exchanged between the parties in which Combs argued that backup documentation was not necessary and the auditor countered that he could not process or present the claim to the commissioners court until he received the requested documentation.

On September 9, 2004, Combs filed this lawsuit against the County as well as the County judge, commissioners, and Auditor in their official capacities. The trial court dismissed the lawsuit in 2006, concluding it lacked subject matter jurisdiction to enforce the fee order because the guardianship court never obtained subject matter jurisdiction over the underlying guardianship. Combs appealed the trial court's dismissal order to this Court. We concluded that the guardianship court had subject matter jurisdiction over the guardianship and, thus, had the authority to determine Combs's fee entitlement and that the 2002 fee order was a valid, enforceable order. *Combs v. Kaufman Cnty.*, 274 S.W.3d 922, 926 (Tex.App.-Dallas 2008, pet. denied). We therefore reversed the trial court's dismissal and remanded the case to the trial court. *Id.*

On remand, both parties filed various

---

**2.** In relevant part, section 669, entitled "Costs Against Guardianship," provides that the cost of the proceeding, including the cost of the guardian ad litem or court visitor, shall be paid out of the guardianship estate, or, if the estate is insufficient to pay for the cost of the proceeding, the cost of the proceeding shall be paid out of the county treasury, and the judgment of the court shall be issued accordingly. Tex. Prob.Code Ann. § 669(a) (West 2003).

dispositive and non-dispositive motions.[3] The trial court granted Combs's summary judgment motions and denied appellants' motions. The trial court rendered a final judgment that the September 12, 2002 fee order was binding on the County, awarded Combs judgment of $143,168.95 (the full amount of the fee order), plus interest and $558,114.62 attorney's fees.[4] Appellants filed this appeal challenging the granting of Combs's motions for summary judgments as well as the denial of their own summary judgment motions.

## II.

Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). When parties file cross-motions for summary judgment, and the trial court grants one and denies the other, we review the summary judgment evidence supporting both motions and determine all questions presented and preserved. *See Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988). We then render the judgment that the trial court should have rendered. *Id.*

■ Before analyzing the merits of appellants' specific complaints, we first must address whether several of appellants' issues involving the trial court's subject mat-

ter jurisdiction over Combs's claims are properly before us in this appeal or whether these issues were resolved in our opinion in the first appeal. In the trial court below and now in this appeal, Combs suggests that our earlier holding necessarily means that appellants' current challenges to the trial court's subject matter jurisdiction, as well as certain collateral attacks on the fee order, have already been addressed and resolved in her favor. Combs's broad reading of our holding in the first appeal, however, is not well taken.

In *Combs*, we held that the guardianship court had acquired subject matter jurisdiction over the guardianship such that the fee order was a valid and enforceable order. *See Combs*, 274 S.W.3d at 926. We therefore reversed the trial court's dismissal for lack of subject matter jurisdiction. We expressly declined to address the parties' other issues, however, including the validity of the trial court's "alternative ruling" granting appellants' summary judgment and a take-nothing judgment on the ground of lack of subject matter jurisdiction. *Combs*, 274 S.W.3d at 925 n. 7. And we did not hold that the fee order was a valid and enforceable order against the County. Accordingly, appellants' current challenges to the trial court's subject mat-

**3.** Among the motions before the trial court court were "Plaintiff's Second Amended Motion For Summary Judgment Pursuant to TRCP 166a(a) And (c)," "Plaintiff's No–Evidence Motion for Summary Judgment Pursuant to TRCP 166a(i) With Regard to Defendants' Affirmative Defenses And Matters Of Avoidance," "Defendants' First Amended Motion for Summary Judgment," "Defendants' First Amended Motion for No–Evidence Summary Judgment," "Defendants' First Amended Second Motion to Dismiss for Lack of Subject Matter Jurisdiction," "Defendants' Motion to Dismiss Pursuant to Section 89.004 of the Texas Local Government Code," "Defendants' Second Motion to Dismiss Pursuant to Section 89.004 of The Texas Local Govern-

ment Code–Regarding Defendants J.C. Jackson And Ray Clark," and "Defendants' First Amended Motion to Dismiss Pursuant to Section 89.0041."

**4.** The trial court's order awarded interest on the fee order amount commencing on September 13, 2002 through September 12, 2009 at ten percent per annum in the amount of $135,826.83. It also awarded interest at the rate of ten percent per annum on $278,995.78 ($143,168.95 plus $135,826.83) commencing on September 13, 2009 until the sum was paid in full. Additionally, the order awarded post-judgment interest of five percent per annum on the attorney's fees award.

ter jurisdiction were not addressed in the earlier appeal, and it is to these issues that we now turn.

We begin our analysis with appellants' complaint that the trial court lacked subject matter jurisdiction because Combs's claims are barred by governmental immunity from suit. Appellants argue that Combs's claims are actually for retrospective monetary relief for which governmental immunity has not been waived. Combs responds that governmental immunity is not applicable because she seeks declaratory, injunctive, and mandamus relief under the Uniform Declaratory Judgments Act compelling appellants to comply with section 669(a) of the probate code by paying the amount she was awarded in the fee order.

Combs moved for summary judgment on counts one, two, and seven of her live pleadings.[5] She argued that our ruling in the first appeal "in tandem with sections 669(a) [established] conclusively the County's liability for the amount in the fee order." In the prayer to her summary judgment motion, she requested the trial court to issue orders providing her with the following relief: a declaratory judgment that the September 12, 2002 fee order of $143,168.95 plus interest was binding on the County and must be paid to Combs by Kaufman County; an award of attorney's fees for prosecuting her claim; an order compelling the County to pay by a date certain the amount of the fee order plus specified interest, attorney's fees, court costs, and post-judgment interest; and a writ of mandamus commanding the County to pay Combs by a date certain the amounts awarded.

■■■ Governmental immunity from suit deprives the trial court of subject matter jurisdiction over claims against governmental entities unless the party suing the governmental entity establishes the State's consent to the suit. *See City of Dallas v. Albert*, 354 S.W.3d 368, 373 (Tex.2011). Such consent to sue must generally be found in actions of the legislature. *Id.* at 374. A statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. TEX. GOV'T CODE ANN. § 311.034 (West Supp.2011); *Tooke v. City of Mexia*, 197 S.W.3d 325, 328–29 (Tex. 2006).

■■■ As the supreme court has recently noted, the Uniform Declaratory Judgments Act is merely a procedural device for deciding cases already within a court's jurisdiction and does not enlarge a court's jurisdiction. *Albert*, 354 S.W.3d at 378. Although the act contains a waiver of governmental immunity from suit, the waiver is limited to claims challenging the validity of ordinances or statutes. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(b) (West 2008). Governmental immunity is not

---

5. Combs's live pleading is "Plaintiff's Third Amended Petition For Declaratory Judgment, Injunction, and Writ Of Mandamus." Count one of her petition is entitled "Violation of the 1996 Order, the Fee Order and Texas Probate Code § 669(a)." Under count one, Combs alleged violations of the fee order and section 669(a) of the probate code. Count two, entitled "Declaratory Relief," requested a declaratory judgment "that the Fee Order (a) is binding upon Kaufman County without further review, consideration, decision, action or vote by the Auditor and/or the Commissioners Court, and (b) must be paid by Kaufman County pursuant to [section 669] and/or otherwise, and pursuant to the appellate court's ruling in this case." By both counts one and two, Combs sought "a declaration and enforcement of her rights in regard to Kaufman County's obligation to pay her fees." Count seven, entitled "Writ of Mandamus," sought a writ of mandamus compelling appellants "to do the ministerial act required by the Fee Order, Tex. Probate Code § 669(a), and the appellate court's decision in *Combs v. Kaufman County*."

waived for lawsuits seeking retrospective monetary relief and private parties cannot circumvent the government entity's immunity by artfully characterizing a suit for money damages as a declaratory judgment claim. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 368–71(Tex.2009); *Albert*, 354 S.W.3d at 378; *City of Houston v. Williams*, 216 S.W.3d 827, 828–29 (Tex. 2007).

■ By her claims, Combs does not challenge the validity of section 699(a). Instead, she contends that section 669(a) requires the County to pay her the full amount of the fee order awarded to her in the guardianship proceeding. In essence, Combs relies on the County's statutory obligation to pay costs in a guardianship proceeding when the guardianship estate is insufficient and seeks to compel the County to pay the fee order even though the guardianship court made no such order and no such order was requested by Combs. The act, however, does not waive governmental immunity when a plaintiff seeks a declaration of rights under a statute or other law. *See Tex. Dept. of Transp. v. Sefzik*, 355 S.W.3d 618, 619 (Tex.2011). Moreover, Combs's pleadings do not concern a legitimate question of statutory construction; rather they rely on the statute as a basis to recover from the County the fees awarded to her in a previous fee order. As noted in *Williams*, "[I]n every suit against a governmental entity for money damages, a court must determine the parties' contract or statutory rights; if the sole purpose of such a declaration is to obtain a money judgment, immunity is not waived." *Williams*, 216 S.W.3d at 829. As such, Combs's claims are not ones for which the County's governmental immunity is waived under the act.

■ Combs also argues that she does not need legislative permission to sue the State for a state official's violations of state law. By this argument, Combs attempts to characterize her suit as an ultra vires action seeking relief against government actors who allegedly violated section 669(a) by failing to perform the purely ministerial act of paying the fee order without any additional review, action, or vote by the county auditor or commissioners court. *See Heinrich*, 284 S.W.3d at 372–73. Pursuant to *Heinrich*, an ultra vires suit seeking to compel state officials to comply with statutory or constitutional provisions are not prohibited by governmental immunity. *See id.* at 376, 380. But the only relief available to a successful claimant in such a lawsuit are prospective remedies. *See id.*

■ In *Heinrich*, the plaintiff sought declaratory and injunctive relief under the act with respect to the denial of certain pension benefits to which she claimed entitlement under the statute governing the pension fund. *Id.* at 369. The supreme court held that even in an official capacity suit solely against governmental actors who violate statutory provisions, only claims for prospective declaratory and injunctive relief could proceed. *Id.* at 380. Governmental immunity is retained with respect to the governmental entity itself and those declaratory and injunctive claims against the governmental actors in their official capacity with respect to past statutory violations and retrospective relief. *Id.* at 376. The supreme court reasoned that the legislature is in the best position to waive governmental immunity from suit and it can authorize retrospective relief if appropriate. *Id.* at 377.

■ By her lawsuit, Combs asserts section 669(a) of the probate code requires the County to pay the 2002 fee order. Notwithstanding her requests for declaratory and mandamus relief, Combs's claim is simply for payment of money damages asserted against a governmental entity and

its agents. The only injury that Combs has alleged, failure of the County to pay the full amount of the fee order without further review, has already occurred, leaving her with only one plausible remedy-an award of money damages. *See Williams,* 216 S.W.3d at 829. Even if we accept Combs's assertion that hers is an ultra vires claim to which governmental immunity does not apply, *Heinrich* makes clear that only prospective and not retrospective relief is available for such a claim. *Albert,* 354 S.W.3d at 378–79. Specifically, Combs is not seeking a right to payments from the County in the future but payment from the County for fees that she was awarded in 2002 when the fee order was rendered. However, only ultra vires claims that seek prospective relief for future violations are entitled to proceed. *Heinrich,* 284 S.W.3d at 376.

Because Combs sought no prospective relief, her declaratory judgment claims as well as her request for a writ of mandamus are barred by governmental immunity from suit and must be dismissed for lack of subject matter jurisdiction. *See Albert,* 354 S.W.3d at 379 (dismissing retrospective declaratory relief); *Heinrich,* 284 S.W.3d at 380 (dismissing retrospective declaratory and injunctive relief); *Hinojosa v. Tarrant Cnty.,* 355 S.W.3d 812, 817(Tex.App.-Amarillo 2011, no pet.) (dismissing mandamus relief seeking compliance with civil service commission order awarding back pay and benefits).

Moreover, to the extent Combs asserts hers is not a suit for retrospective monetary relief, the judgment of the trial court belies her assertion. Among other things, the trial court's final summary judgment declared the fee order binding on the County and ordered that Combs recover judgment against the County for $143,168.95, plus interest and attorney's fees. Because we conclude that the claims upon which the trial court granted Combs summary judgment were nothing more than claims for a money judgment artfully characterized as declaratory judgment claims, they were barred by governmental immunity from suit. We further conclude that appellants were entitled to summary judgment dismissing these claims.

Appellants also argue that they were entitled to summary judgment dismissing Combs's takings, due process, equal protection, and promissory estoppel claims based on governmental immunity. Combs asserts, and our review of the record and trial court's judgment confirms, that she did not move for summary judgment on these causes of action and the trial court did not grant Combs any relief based on these claims. In fact, the trial court's final judgment provided that "all relief requested by the parties and not expressly granted herein is denied." However, because the parties filed cross-motions for summary judgment, we may review the entire summary judgment record, determine all questions presented, and render judgment that the trial court should have rendered. *See Jones,* 745 S.W.2d at 900.

Appellants moved for summary judgment on Combs's constitutional and promissory estoppel claims arguing, among other things, that Combs failed to demonstrate a valid waiver of governmental immunity that would allow them to be asserted against appellants. In essence, appellants contend that because Combs's pleadings do not state valid or cognizable claims under the takings clause, the due process clause, or equal protection clause of the state and federal constitution, they continue to enjoy governmental immunity on these claims. They further argue that Combs has failed to demonstrate that the legislature has consented to suit against appellants on her promissory estoppel claim. We agree with both of appellants'

assertions. By these claims, Combs sought "a declaration and enforcement of her rights in regard to Kaufman County's obligation to pay her fees." As noted above, we have already concluded that Combs's request that appellants be compelled to pay her fees is tantamount to a claim for retrospective monetary relief for which she must establish legislative consent to sue. *See Albert,* 354 S.W.3d at 373.

■ With respect to her promissory estoppel claim, appellant alleged that the orders appointing her to the guardianship matter constituted a promise by the County that she would be paid for her services upon court approval in the event the ward's estate was insufficient to pay them and that she detrimentally relied on that promise. Although there may be rare situations involving "extraordinary factual circumstances" where courts might recognize a waiver of immunity by conduct, such waiver by conduct is clearly the exception to the general rule, has not been asserted by Combs, and simply does not exist under the undisputed facts presented here. *See Catalina Dev., Inc. v. County of El Paso,* 121 S.W.3d 704, 705–06 (Tex.2003). Accordingly, the promissory estoppel claim is barred by governmental immunity.

■ We next turn to Combs's takings claims. Although governmental immunity does not shield a governmental entity from a valid takings claim, it does apply when a plaintiff does not allege a valid takings claim. *See Dahl ex. rel. Dahl v. State,* 92 S.W.3d 856, 862 (Tex.App.-Houston [14th Dist.] 2002, no pet.). The basis of Combs's takings claims is that she has a property interest in the fees awarded to her in the fee order and appellants' failure to pay the fees constitutes a taking. A takings claim consists of three elements: (1) an intentional act by the government under its lawful authority, (2) resulting in

a taking of the plaintiff's property, (3) for public use. *See Gen. Servs. Comm'n v. Little–Tex Insulation Co., Inc.,* 39 S.W.3d 591, 598 (Tex.2001). Because the facts here do not establish that the County had a specific intent to take property from Combs for the public use under its eminent domain powers, Combs's takings claims necessarily fail and appellants are entitled to governmental immunity on this claim. *See id.* at 589–99.

■ Combs also sought relief based on alleged violations of equal protection and due process under the Texas and U.S. constitutions. Combs's attempt to recast the County's failure to pay the fee order as actionable violations of due process and equal protection in an attempt to circumvent appellants' governmental immunity are unpersuasive. Constitutional provisions operate as a waiver of immunity only to the extent of the cause of action provided, if any. *See Sefzik v. Tex. Dept. of Transp.,* 267 S.W.3d 127, 137 (Tex.App.-Corpus Christi–Edinburg 2008), *rev'd on other grounds,* 355 S.W.3d 618 (Tex.2011). However, there is no direct cause of action for equal protection or due process violations under the U.S. or Texas constitutions. *See Hunt v. Smith,* 67 F.Supp.2d 675, 681–82 (E.D.Tex.1999) (U.S. constitution); *see also City of Beaumont v. Bouillion,* 896 S.W.2d 143, 147–49 (Tex.constitution).

In conclusion, having determined that all of Combs's claims are barred by governmental immunity, we reverse the trial court's summary judgment in favor of Combs, as well as its award of attorney's fees against appellants. We render judgment dismissing for lack of subject matter jurisdiction all of Combs's claims.