**REVERSE and RENDER; and Opinion Filed November 16, 2018.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-18-00181-CV

**CITY OF RICHARDSON, TEXAS, NAZARY MASOOD, RICHELLE ESQUIVEL, AND ERIC WILLADSEN, Appellants**

**V.**

**JOHN CANNON, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-01074**

## MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Boatright

Appellee John Cannon, the plaintiff in the suit below, alleges that he was wrongfully imprisoned by the City of Richardson and three of the City's employees, Nazary Masood, Richelle Esquivel, and Eric Willadsen. The defendants filed a plea to the jurisdiction, which the district court denied. They appeal the court's denial of their plea. We reverse and render.

### BACKGROUND

Cannon filed this suit pro se on January 27, 2017. He claims that officers and an investigator of the Richardson Police Department, the individual defendants, unlawfully detained and arrested him in violation of his constitutional rights. He charges that the defendants violated police procedures and acted carelessly, in bad faith, and with a retaliatory motive. His original and

first amended petitions sought damages, fees, and costs for the harms that he suffered from the defendants' alleged wrongs.

On June 28, 2017, the defendants filed (i) their original answer, special exceptions, request for disclosure, and plea to the jurisdiction, and (ii) a motion to dismiss Cannon's suit pursuant to Rule 91a of the Texas Rules of Civil Procedure. The defendants' plea urged that governmental and official immunity barred Cannon's suit. The district court set the plea for a hearing on August 28, 2017. On the day of the hearing, the defendants filed an emergency motion to reset, stating that Cannon had threatened to physically harm their counsel. The defendants did not appear at the hearing, and the court signed an order that same day denying the plea based on their failure to appear.

On September 14, 2017, the defendants filed an amended plea to the jurisdiction. This plea again asserted governmental immunity. The court held a hearing on the plea eleven days later, on September 25, and signed an order that same day granting the plea in part and denying it in part. The order gave Cannon thirty days "to amend his petition clearly specifying how the City of Richardson has waived immunity."

On October 24, one day before the court-ordered deadline, Cannon filed a "Response to Defendant's Motion to Dismiss Regarding Jurisdiction and Governmental Immunity." Cannon's response claims that he was wrongfully imprisoned based on the defendants' "false fictitious fraudulent charges." The parties dispute the nature of Cannon's October 24 filing. The defendants construe the filing as Cannon's second amended petition. They contend that it alleges only two causes of action, fraud and wrongful imprisonment, both of which are barred by governmental immunity. Cannon responds that the filing was a supplemental, not an amended, pleading that explained in more detail the allegations in his first amended petition. For purposes of this appeal, we will assume that Cannon's October 24 filing was a supplemental petition.

The defendants filed a second amended plea to the jurisdiction, in which they again urged that Cannon's claims are barred by governmental immunity. Following a hearing on this plea, the court on January 30, 2018, signed an order denying the plea. The defendants then filed this interlocutory appeal.

## ANALYSIS

A municipality is immune from suit for torts committed in the performance of its governmental functions. *Tooke v. City of Mexia*, 197 S.W.3d 325, 343 (Tex. 2006). In addition, an employee sued in his official capacity has the same governmental immunity, derivatively, as his government employer, except for actions alleging that the employee acted *ultra vires*. *Franka v. Velasquez*, 332 S.W.3d 367, 382–83 (Tex. 2011).

Chapter 101 of the Civil Practice and Remedies Code, also known as the Texas Tort Claims Act (TTCA), TEX. CIV. PRAC. & REM. CODE ANN. § 101.002, provides a limited waiver of immunity for certain suits against governmental entities. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.025(a) (providing waiver of immunity from suit "to the extent of liability created by this chapter"). The Act waives immunity in three areas: "'use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property.'" *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004) (quoting *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002), and citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.021).

The defendants contend that Cannon's claims are excluded from the TTCA's waiver of immunity. Specifically, the Act's waiver does not apply to intentional torts, including fraud and false imprisonment. *See LTTS Charter School, Inc. v. Palasota*, 362 S.W.3d 202, 209 (Tex. App.—Dallas 2012, no pet.) ("Fraud is an 'intentional tort' for which the TTCA provides no waiver of

immunity."); TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (stating that TTCA does not apply to claims arising out of "false imprisonment, or any other intentional tort").

Cannon responds that the defendants refused to provide him the discovery that he requested. We agree that a party is entitled to a "reasonable opportunity for targeted discovery if necessary to illuminate jurisdictional facts in a plea to the jurisdiction." *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012) (citation and internal quotation marks omitted). However, the record in this case does not contain Cannon's discovery requests, nor does he specify the information sought by these requests. Moreover, the record contains no motion to compel the requested discovery. A party may apply for sanctions or an order compelling discovery if the other party fails to respond to discovery requests. TEX. R. CIV. P. 215.1(b). The Texas Supreme Court has held that a failure to obtain a pretrial ruling on discovery disputes that exist before trial constitutes a waiver of any claim for sanctions based on such conduct. *Remington Arms Co. v. Caldwell*, 850 S.W.2d 167, 170 (Tex. 1993) (orig. proceeding)*.* And pro se litigants "must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Under this circumstance, we conclude that Cannon waived his complaint regarding the defendants' purported refusal to provide discovery.

Cannon also urges that the defendants are not immune from his claims, notwithstanding the TTCA, because he asserted *ultra vires* claims and he sued the individual defendants in their personal capacities. In reviewing these contentions, we must determine if Cannon alleged facts that affirmatively demonstrate the court's jurisdiction to hear his case. *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in Cannon's favor and look to his intent. *Id.* If a plaintiff's factual allegations do not affirmatively demonstrate jurisdiction but also do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the

plaintiff should be afforded the opportunity to amend. *Id.* at 226–27. On the other hand, if the plaintiff's pleadings affirmatively negate jurisdiction, then the defendants' plea may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227. We review the trial court's ruling on the plea de novo. *Id.* at 228. With these standards in mind, we consider Cannon's arguments.

### *Ultra Vires*

"Even if a governmental entity's immunity has not been waived by the Legislature, a claim may be brought against a governmental official if the official engages in *ultra vires* conduct," *City of Houston v. Houston Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018), meaning "that the officer acted without legal authority or failed to perform a purely ministerial act," *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). Ministerial acts are those prescribed by law which leave nothing to the exercise of discretion or judgment, whereas discretionary acts are those that "require the exercise of judgment and personal deliberation." *Houston Mun. Emps. Pension Sys.*, 549 S.W.3d at 576 (citation and internal quotation marks omitted). If the law places limits on an officer's discretion, governmental immunity does not bar suits complaining of the officer's exercise of judgment "without reference to or in conflict with the constraints of the law" authorizing the officer to act. *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 163 (Tex. 2016).

Cannon's first amended petition alleges that the defendants violated his rights under the Fourth and Fourteenth Amendments of the United States Constitution, article I, section 9 of the Texas Constitution, and articles 1.06, 18.01–.02, and 38.23 of the Texas Code of Criminal Procedure, by detaining him without reasonable suspicion and arresting him without probable cause. He alleges that these violations resulted in harms including wrongful detention, wrongful arrest, wrongful imprisonment, wrongful seizures, forfeiture, defamation of character, loss of

business or income, loss of personal or business relations, loss of property, and loss of freedom or "peaceful enjoyment." Cannon's October 24 filing additionally alleges that his wrongful imprisonment resulted from "fictitious fraudulent charges." Assuming that these allegations assert conduct beyond the scope of the defendants' discretion, the defendants' immunity remains intact because Cannon seeks retrospective money damages, as opposed to prospective injunctive relief. *Houston Mun. Emps. Pension Sys.,* 549 S.W.3d at 576. Specifically, where, as here, "the injury has already occurred and the only plausible remedy is monetary damages, an *ultra vires* claim will not lie." *Id.*

The foregoing prohibition against retrospective monetary claims is not absolute. *Heinrich*, 284 S.W.3d at 376. "For example, a claimant who successfully proves a takings claim would be entitled to compensation, and the claim would not be barred by immunity even though the judgment would require the government to pay money for property previously taken." *Id.* Cannon contends that he asserted such a claim here. His October 24 filing alleges that the defendants' actions resulted in the wrongful taking of his property. He also cites the Fifth Amendment of the United States Constitution and article I, section 17 of the Texas Constitution. Assuming that Cannon alleged an inverse condemnation claim, we nevertheless conclude that his pleadings affirmatively negate the existence of such a claim. To prove a takings claim, a plaintiff must establish, among other elements, an intentional act by the government under its lawful authority. *Kaufman Cty. v. Combs*, 393 S.W.3d 336, 345 (Tex. App.—Dallas 2012, pet. denied). "[I]ntentional acts that are outside the authority of the state may be torts, but they are not takings." *Firemen's Ins. Co. of Newark, N.J. v. Bd. of Regents of Univ. of Tex. Sys.*, 909 S.W.2d 540, 543–44 (Tex. App.—Austin 1995, writ denied), *disapproved on other grounds by Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). Cannon's allegations that the defendants acted fraudulently, in "bad faith," and with a retaliatory motive affirmatively negate the existence of a

takings claim. *See Hammons v. City of Krugerville*, No. 2-04-353-CV, 2005 WL 2838602, at *3 (Tex. App.—Fort Worth 2005, pet. denied) (mem. op.) (concluding that allegation peace officer employed by city illegally removed plaintiff's property affirmatively negated plaintiff's inverse condemnation claim); *Firemen's Ins. Co.*, 909 S.W.2d at 544 ("The allegation of fraudulent inducement pleads a tort, not a taking."). Absent a valid takings claim, the defendants retain their immunity from suit. *Combs*, 393 S.W.3d at 345.

For each of these reasons, the *ultra vires* doctrine does not apply here, and the individual defendants' immunity from suit has not been waived. Moreover, even if the doctrine were to apply, the City itself would remain immune from suit. *Heinrich*, 284 S.W.3d at 372–73. Suits complaining of ultra vires actions may not be brought against a governmental unit, but must be brought against the allegedly responsible government actor in his official capacity. *Patel v. Tex. Dept. of Licensing and Regulation*, 469 S.W.3d 69, 77 (Tex. 2015).

**Capacity**

Public employees are "individually liable for their own torts, even when committed in the course of their employment, and suit may be brought against a government employee in his individual capacity." *Franka*, 332 S.W.3d at 383.[1] "A suit against a government employee in his individual capacity seeks to impose personal liability on the employee for actions he took under color of state law." *Smith v. Davis*, 999 S.W.2d 409, 413 (Tex. App.—Dallas 1999, no pet.). Cannon's appeal brief urges that he sued the individual defendants in their personal capacities, not just their official capacities. However, his pleadings are unclear in this regard. In such cases, "'[t]he course of proceedings' . . . typically will indicate the nature of the liability sought to be imposed."

---

[1] A public employee sued in his individual capacity may assert official immunity, *id.* at 383, as distinguished from governmental immunity, *Houston Belt & Terminal Ry. Co.*, 487 S.W.3d at 164 n.7. "[U]nlike sovereign immunity from suit, which . . . may be raised in a plea to the jurisdiction, official immunity is an affirmative defense that must be pled *and proved* by the party asserting it." *Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117, 128 (Tex. 2015) (emphasis added). Although the defendants asserted official immunity as an affirmative defense to Cannon's claims, they did not seek to prove this defense in a motion for summary judgment or otherwise. Accordingly, the issue of official immunity is not before us.

*Heinrich*, 284 S.W.3d at 377 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)). We must ascertain the true nature of Cannon's claims and not exalt form over substance. *Ross v. Linebarger, Goggan, Blair & Sampson, L.L.P.*, 333 S.W.3d 736, 743 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.).

By way of example, the plaintiff in *Davis v. City of Aransas Pass* alleged defamation claims—which were intentional torts—based upon statements made by defendant police officers purportedly acting in the color of their office. No. 13-17-00455-CV, 2018 WL 4140633, at *3 (Tex. App.—Corpus Christi–Edinburg, Aug. 29, 2018, no pet.) (mem. op.). Although the plaintiff named each officer individually, his suit stemmed from allegedly defamatory statements made in the officers' official capacities. *Id.* Similarly, *Terrell v. Sisk* involved alleged wrongdoing or negligence by a trial court judge based on "actions he was able to take only because of his position as a public servant." 111 S.W.3d 274, 281 (Tex. App.—Texarkana 2003, no pet.). Our sister court noted that the case before it did not involve "a mixture of allegations, some of which are directed at actions taken outside a public capacity." *Id.* Accordingly, the court held that there "was no effective pleading" against the judge in his individual capacity. *Id.* at 281–82.

As in the foregoing cases, Cannon's pleadings are based upon actions involving the individual defendants' duties as public servants. In other words, the individual defendants were able to detain, arrest, and charge Cannon only because of their positions as police officers. Accordingly, we fairly read Cannon's petition as alleging claims against the individual defendants only in their official capacities. As such, the individual defendants have the same governmental immunity, derivatively, as their employer, the City. *Franka*, 332 S.W.3d at 382–83.

### CONCLUSION

Cannon's pleadings affirmatively establish that the defendants' immunity from suit has not been waived in this case. Absent a valid waiver of immunity, the court lacked subject-matter

jurisdiction. *Suarez v. City of Texas City*, 465 S.W.3d 623, 631–32 (Tex. 2015). We reverse the district court's January 30, 2018 order and render judgment dismissing Cannon's suit with prejudice.


/Jason Boatright/
JASON BOATRIGHT
JUSTICE


180181F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CITY OF RICHARDSON, TEXAS, NAZARY MASOOD, RICHELLE ESQUIVEL, AND ERIC WILLADSEN, Appellants

No. 05-18-00181-CV        V.

JOHN CANNON, Appellee

On Appeal from the 101st Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-17-01074.
Opinion delivered by Justice Boatright. Justices Stoddart and Whitehill participating.

In accordance with this Court's opinion of this date, we **REVERSE** the district court's January 30, 2018 order and **RENDER** judgment dismissing appellee's suit with prejudice.

It is **ORDERED** that appellants CITY OF RICHARDSON, TEXAS, NAZARY MASOOD, RICHELLE ESQUIVEL, AND ERIC WILLADSEN recover their costs of this appeal from appellee JOHN CANNON.

Judgment entered this 16th day of November, 2018.